Markt v. Davis.

JACOB MARKT, Respondent, v. WILLIAM F. DAVIS
*et al.*, Appellants.

Kansas City Court of Appeals, June 8, 1891.

Nuisance : FLOODING LAND : PERMANENT DAMAGES. In cases of nui-
sance plaintiff cannot recover for damages not sustained when his
action is commenced. When the injury inflicted is of a perma-
nent character and goes to the entire value of the estate, the whole
injury is suffered at once, and a recovery should be had therefor

in a single suit, and no subsequent action can be maintained for the continuance of said injury. But when the wrong done does not involve the entire destruction of the estate, or its beneficial use, but may be apportioned from time to time, separate actions must be brought to recover the damages sustained.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED.

*Huston & Parrish* and *T. C. Dungan*, for appellant.

(1) The court erred in permitting the plaintiff to prove what the injury or damage was to his place in consequence of the alleged overflow. If the injury was permanent, and went to the entire value of the estate, the damages would be the difference in the market value of this land immediately before the injury occurred and immediately afterwards. *Van Hoozer v. Railroad*, 70 Mo. 145–48; *Dickson v. Railroad*, 71 Mo. 575; *Pinney v. Berry*, 61 Mo. 360–67; *Smith v. Railroad*, 98 Mo. 20. (2) The record shows that, for the maintenance of the wrong complained of, other actions may be maintained by the plaintiff, or that the nuisance may be removed or abated. The rule, therefore, above stated does not apply. The loss of rent or the loss of plaintiff's crops, etc., would be the proper element of damages. *Pinney v. Berry*, 61 Mo. 359–67; *Van Hoozer v. Railroad*, 70 Mo. 145; *Dickson v. Railroad*, 71 Mo. 575–79; *Givens v. Van Studdiford*, 86 Mo. 149–159; *Bird v. Railroad*, 30 Mo. App. 365–73; *Offield v. Railroad*, 22 Mo. App. 607; *Brown v. Railroad*, 80 Mo. 457. (3) The division being unlawful, it will not be presumed to continue. *Mfg. Co. v. State*, 11 N. E. Rep. 264–67. The respondent in his petition did not claim any damage for injury to his farm. The court, therefore, erred in admitting any evidence as to such damage. *Brown v. Railroad*, 80 Mo. 457; *Bird v. Railroad*, 30 Mo. App. 365–73.

*L. R. Knowles* and *Sam'l O' Fallon*, for respondent.

The right to recover for injuries done to the realty and the growing crops is authorized by the law of this state. *Bird v. Railroad*, 30 Mo. App. 365.

ELLISON, J.—This is an action for a nuisance which consisted in erecting a dam across running streams which passed through defendant's lands, and digging a ditch so that the waters were diverted from their natural course in said streams onto plaintiff's land. The petition asked damages for injuries to the crop and to the land. The court's instruction permitted the jury to assess damages for the permanent injury to the land, and also for the loss of the crop. Permanent injury should not have been submitted to the jury.

It is not worth while to say more of this case than that it is governed by the cases of *Pinney v. Berry*, 61 Mo. 359 ; *Van Hoozer v. Railroad*, 70 Mo. 145 ; *Dickson v. Railroad*, 71 Mo. 575. In the case last cited it is held that : " In cases of nuisance the rule is well settled, that the plaintiff cannot recover for injuries not sustained when his action is commenced. It is equally well settled, that when the injury inflicted is of a permanent character, and goes to the entire value of the estate, the whole injury is suffered at once, and a recovery should be had therefor in a single suit, and no subsequent action can be maintained for the continuance of said injury. But when the wrong done does not involve the entire destruction of the estate or its beneficial use, but may be apportioned from time to time, separate actions must be brought to recover the damages so sustained."

The judgment will be reversed, and the cause remanded. All concur.