LYDIA B. ATTWOOD, and another,

*vs.*

CITY OF BANGOR.

Penobscot.    Opinion June 17, 1891.

*Municipal Corporation.    Sewers.    Ratification.    Damages.*

In an action on the case to recover damages for the alleged unlawful location, construction and maintenance of the extension of a sewer below low-water mark in the Penobscot River, in the city of Bangor, whereby the plaintiffs claimed that their dock was rendered less valuable from the liability of vessels grounding on the end of the sewer, and on the sediment flowing out of it, also a diminution of rents of the plaintiffs' wharf because of the noxious smells arising from the sewage, it appeared that the wharf and dock, during all the time, were in the possession and use of the plaintiffs' tenants who had suffered no diminution of rents. *Held*; that the city had a legal right to extend its sewer over the plaintiffs' flats to a point below low-water mark; that in locating the sewer the city council acted judicially and that the city would be liable only for an improper construction or maintenance of it.

*Held, also,* that if the sewer was improperly constructed, it was a temporary injury for which the plaintiffs could not recover in this action.

ON REPORT.

The case appears in the opinion.

The Ferry-way referred to by the court, leads from Union street, as used by the public, across the flats to Penobscot river at low-water mark. The defendants, among other grounds of defense, claimed that the sewer was constructed through Union street, as it had been laid out, and as they contended to low water mark, in 1833. The view taken by the court renders a report of the testimony upon this branch of the case unnecessary.

*C. H. Bartlett*, for plaintiffs.

Plaintiffs' title. Counsel cited: *State* v. *Wilson*, 42 Maine, 9, 42; *Deering* v. *Long Wharf*, 25 Id. 51, 65; *Sewall & Day Cordage Co.* v. *Boston. Water Power Co.* 147 Mass. 61. County Commissioners had no power to lay out a street below high-water mark. *State* v. *Wilson, supra*; *Kean* v. *Stetson*, 5 Pick. 492. No legal Union street for low-water mark to intersect with. *Tebbetts* v. *Estes*, 52 Maine, 566. Title includes wharf above low water and where end of sewer rests. *Low* v. *Tebbetts*, 72 Maine, 92; *Field* v. *Huston*, 21 Maine, 69; 3 Wash. R. P. (5th Ed.) 413. Adverse use by plaintiffs: *Ricker* v. *Hibbard*, 73 Maine, 105; *Blanchard* v. *Moulton*, 63 Id. 434; Gould, Wat. p. 85; *Nichols* v. *Boston*, 98 Mass. 39; Wash. Ease. (4th Ed.) 674. Wharf limits: Stats. 1854, c. 202, c. 337.

Defendants' liability: *Haskell* v. *New Bedford*, 108 Mass. 208, 218; *Boston Rolling Mills* v. *Cambridge*, 117 Mass. 396. Sewer built not under statute, but under head of repairs by order of city: *Emery* v. *Lowell*, 104 Mass. 13, 16; 2 Dill. Mun. Corp. (2d. Ed.) 937.

Private dock. If public dock, the plaintiffs may recover special damage: *Brayton* v. *Fall River*, 113 Mass. 218; *Richardson* v. *Boston*, 19 How. 263; *Franklin Wharf* v. *Portland*, 67 Maine, 46.

*H. L. Mitchell*, city solicitor, for defendants.

Counsel cited: R. S., of 1871, c. 16, § 2; Stat. 1871, c. 717; *Estes* v. *China*, 56 Maine, 407; *Franklin Wharf* v. *Portland*, 67 Maine, 46; *Wash. & M. Co.* v. *Worcester*, 116 Mass. 460.

Burden on plaintiffs to show illegal location of sewer. *Bennett* v. *New Bedford*, 110 Mass. 433. Ferry-way continuation of Union street as used by public since 1833: *Heald* v. *Moore*, 79 Maine, 271; dedicated to public: *Stetson* v. *Bangor*, 60 Maine, 313, and cases cited; *Masonic Asso.* v. *Harris*, 79 Maine, p. 250. Way by prescription: *Valentine* v. *Boston*, 22 Pick. 78; *State* v. *Belding*, 13 Met. 10; *Treat* v. *Chapman*, 35 Maine, 34; *Cole* v. *Sprowle*, Id. p. 161; *Masonic Asso.* v. *Harris, supra*. Remedy is by appeal: *Cambridge* v. *Middlesex*,

117 Mass. 79. Defendants not negligent: *Haskell* v. *New Bedford*, 108 Mass. 208. Counsel also cited : *Blood* v. *Bangor*, 66 Maine, 154 ; *Child* v. *Boston*, 4 Allen, 41 ; *State* v. *Portland*, 74 Maine, 268.

LIBBEY, J. This is an action on the case to recover damages for the location, construction and maintenance of an addition or. extension of a sewer in the "Ferry-way," so-called, in the city of Bangor, with its terminus below low water mark in the Penobscot river, whereby the plaintiffs' berth or dock was rendered of less value by reason of vessels lying at said dock being in danger of getting aground on the end of said sewer, on the materials used in its construction, and on the sediment from the sewage coming therefrom ; and by reason of noxious smells arising from said sewage, by reason of all which the rents of the plaintiffs' wharf are decreased.

The case comes before this court for determination upon a report of the evidence. We think the plaintiffs' title to their wharf is sufficiently proved. After describing the location of the sewer as extended, and the manner in which it is constructed, the plaintiffs state their claim for damages as follows : "That by reason of the negligent and improper location of said sewer, the terminus being in an eddy in said river, the sewage from said sewer is not carried away by the tide, and said sewage is deposited on the plaintiffs' flats and in their dock, by reason whereof noxious and unhealthy odors arise, and said dock is being rapidly filled up by said sewage, by reason of all which the plaintiffs' wharf is rendered of much less value in that they are deprived of large sums of money which would otherwise be paid them for wharfage by vessels and steamboats lying at said wharf." The sewer as originally constructed leads down Union street to the shore of the Penobscot river. It discharged its sewage upon the flats above low-water mark, and at certain seasons of the year created a nuisance, to abate which the city council of Bangor passed. the following order : "That the superintendent of sewers be and he is hereby directed to cause the Union street sewer to be extended from its present terminus

to low-water mark in Penobscot river." Acting under that order, the superintendent of sewers extended the sewer not in its direct course, but by an angle placed it nearer the plaintiffs' wharf than it would have been if directly extended. The counsel for plaintiffs contends that the extension in that manner was not authorized by the city and is therefore illegal. If that contention is correct, then, the action cannot be maintained against the city, because it was without the authority of the city. *Woodcock* v. *Calais*, 66 Maine, 234.

Independent of any evidence tending to show ratification of the acts of the superintendent of sewers, it may be doubtful if the extension was directly within the authority of the city council. But the evidence satisfies us that the city council with full knowledge of the manner in which the extension was made, ratified the act of the superintendent of sewers, so that we shall pass this objection as not affecting the plaintiffs' right, one way or the other, to recover.

It is well settled that the city had a right under the law of this state to extend its sewer across the flats of the river to a point below low-water mark. *Franklin Wharf Co.* v. *Portland*, 67 Maine, 46. In the performance of its duty to the public in locating sewers for the drainage of the city, the city council acts judicially, and for that judicial act, the city is under no common law liability. But if the construction is improperly and unskilfully made, it is a ministerial act for which the city may be liable to any party injured thereby. *Darling* v. *Bangor*, 68 Maine, 108.

The plaintiffs had no remedy, then, growing out of the location of the sewer. If they are entitled to recover at all, they must show that the sewer was improperly and unskilfully constructed, and that they have suffered special injury thereby. They claim that the sewer was improperly constructed inasmuch as some portion of it is above the surface of the flats. The evidence tends to show that the fact, in regard to the manner of its construction, is to some extent as claimed by the plaintiffs. Assuming that the sewer is improperly constructed, the burden is upon the plaintiffs to show that they have been

damaged thereby. The only damage which their evidence tends to prove, growing out of the improper construction of the sewer, is that it makes it more inconvenient and hazardous for vessels at certain stages of the tide to lie at one part of their wharf. They do not claim that they have suffered any special damage to vessels by reason of it. But they claim that it lessens the rental value of their wharf. To recover on this ground, they must show that the rental value of the wharf to them has been diminished, and that they have not been able to receive so much for the use of their property as they might have received if the sewer had been properly constructed. The evidence shows that the plaintiffs' wharf was leased before the construction of the extension of the sewer, and has been in the possession and use of the lessees ever since, with no diminution of the rent to the plaintiffs. To recover on this ground, the burden is upon the plaintiffs to allege their loss of rents specially in their declaration and to prove the allegation. *Plimpton* v. *Gardiner*, 64 Maine, 360. There is an entire failure in the evidence to support this ground of claim.

They cannot recover in this suit on the ground that the sewer permanently diminishes the value of their estate, because the improper construction is a temporary wrong liable to be removed at any time ; and an action for damages may be maintained for the injury sustained by the occupant of the property, from time to time. *Williams* v. *Camden & Rockland Water Co.* 79 Maine, 543 ; *C. & O. Canal Co.* v. *Hitchings*, 65 Maine, 140 ; *Dority* v. *Dunning*, 78 Maine, 381.

A careful examination of the evidence fails to prove that any damage has been sustained by the deposit of the sewage in the plaintiffs' dock. It does not prove that any offensive and noxious odors have arisen from it to the injury of the plaintiffs. Nor does it prove that their dock has been materially filled up by the action of the sewer, so as to occasion any damage to the plaintiff's property prior to the commencement of the suit.

*Plaintiffs nonsuit.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.