THE OTTAWA, OSAGE CITY & COUNCIL GROVE RAILROAD
COMPANY v. ANDREW PETERSON.

CASE, *Followed.* The case of *C. K. & W. Rld. Co. v. Investment Co.,* ante,
p. 600, followed.

*Error from Osage District Court.*

THE opinion herein, filed July 8, 1893, contains a suffi-
cient statement of the facts.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plain-
tiff in error.

*Per Curiam:* Andrew Peterson is the owner of lots 1, 2, 3,
4, and 5, in block 4, of the Osage Carbon Company's second
addition to Osage City, containing 4½ acres of land. The
Ottawa, Osage City & Council Grove Railroad Company
constructed and operates its road upon F street, a public street
or highway in front of the lots. Of this Peterson complained,
and brought his action to recover damages. In his petition,
he alleged that this addition, although platted and recorded,
was not within the corporate limits of Osage City. He ob-
tained judgment for $200, for the permanent depreciation of
the value of his property. The railroad company excepted.
No brief has been filed or any argument presented upon the part
of the defendant in error. This action was before this court
at its July term for 1888. (40 Kas. 310.) After the mandate
of this court was returned to the court below, a trial was had.
It was shown that F street was 60 feet wide, and the frontage
of the lots of Peterson on this street about 500 feet. Upon
the one side of the lots was Sixteenth street, also 60 feet wide,
and upon the other side Seventeenth street, of the same width.
The ends of the ties were some 15 or 16 feet from the lots.
In the construction of the road, the grade was raised in some
places a foot or more, and the ties and track were laid thereon.
A ditch was dug between the track or roadbed and Peterson's
fence. On account of the ditch and the grade of the roadbed,

there was some obstruction of access to and from the lots on
F street. As the addition was not within the city, the rail-
road company had the power, under the fourth subdivision of
¶ 1207, General Statutes of 1889,

"To construct its road across, along or upon any  .  .  .
street, or highway,  .  .  .  which the route of its road shall
intersect or touch; but the company shall restore the  .  .  .
street or highway, thus intersected or touched, to its former
state, or to such state as to have not necessarily impaired its
usefulness." (Comp. Laws of 1885, ch. 23, § 47.)

The contention is over the damages allowed for the alleged
depreciation in the value of the lots and the instructions per-
mitting such damages. At the time of the construction of
the railroad, F street, in the addition referred to, had never
been graded, nor had a grade ever been established thereon.
It simply was in the original condition of prairie, somewhat
uneven. Among other instructions given was the following:

"The owner of a lot abutting on a street has an interest in
such street which is peculiar and personal to him, and distinct
and different from that of the general public, and this interest
is the right to have free access over such street to his lot and
buildings thereon, substantially in the manner he would have
enjoyed the right in case there had been no interference with
the street. The right of access by way of the street is an
incident to the ownership of the lot which cannot be wholly
taken away or materially impaired without liability to the
owner, to the extent of the damages peculiar and personal to
the owner actually incurred thereby. In order to warrant a
recovery for an invasion of such a right, it must appear that
the obstruction complained of presents a physical disturbance
of, the right so possessed, so as to prevent its use in the man-
ner in which it was theretofore actually, or might have been,
used and enjoyed, and the disturbance of the right must have
resulted in peculiar damage to, and depreciation in the value
of, the property to which the right is appendant. If, there-
fore, you do not find from the evidence in this case that there
has been such a physical disturbance by the defendant, by the
location and construction of the railroad along F street in
front of plaintiff's lots, of the right of access by way of such
street to said lots, as to wholly prevent the use of that right

in the manner in which it was theretofore actually, or might have been, used and enjoyed, and that such disturbance resulted in peculiar damage to and depreciation of the value of said lots, then the owner cannot recover, and your verdict should be in favor of the defendant."

Even if the railroad had been skillfully and properly constructed, under the provisions of a city ordinance, or if the company had restored the highway to make it passable, but had permanently obstructed a part thereof abutting Peterson's lots, so as to permanently prevent access to and from the same, this instruction would be subject to criticism, but, under the facts disclosed in the case, we think it was erroneous. It was permissive to the jury to allow damages for the depreciation in the market value of the premises, if access to the lots had been substantially affected by the interference of the railroad with the street, although such interference caused merely a nuisance, or was temporary only, which could at any time have been easily removed or abated. Under the instruction, a recovery of permanent damages was allowable, if the obstruction complained of, although temporary and subject to immediate removal by the public authorities, presents a physical disturbance of the right of the access to and from the premises, so as to prevent its use in the manner it was theretofore actually used or enjoyed.

It was decided in *C. K. & W. Rld. Co. v. Investment Co.*, ante, p. 600, that

"If a railroad company, in constructing its road and surfacing its track, makes holes or other temporary obstructions in a street or highway, an abutting lot or landowner may recover all special damages suffered by him prior to the commencement of his action; but, on account of such defects or obstructions in the street or highway, he cannot recover for the supposed depreciation in the value of his property, upon the ground of a permanent appropriation for the right-of-way."

Upon the evidence, the railroad does not permanently diminish the value of the lots, because the improper construction of the roadbed, not being in accordance with the provisions of the statute, is a temporary wrong, liable to be

removed at any time. (*Attwood v. City of Bangor*, 22 Atl. Rep. 466; *Railway Co. v. Early*, 46 Kas. 197; *C. K. & W. Rld. Co. v. Investment Co.*, supra.)

Of course, if Peterson has suffered an injury not shared by the public generally, in the right of accesss from or to his property, he is entitled to recover full compensation therefor; but such damages to be recovered are those which accrued up to the time of the commencement of his action, not for the permanent depreciation in the value of his lots.   Under the provisions of the statute, it is the duty of the railroad company to restore the street or highway to its former condition, or at least to a passable condition.   The payment of damages to the plaintiff below in this action will not prevent the proper authorities from abating the nuisance caused by the railroad company, if it exists, and if abated by the public authorities, or if, at the instance of the public authorities, the street or highway is restored by the railroad company to a passable condition, it goes without saying that permanent or lasting damages ought not to be allowed.   (*Railway Co. v. Cuykendall*, 42 Kas. 234; *Uline v. Railroad Co.*, 101 N. Y. 98; *Railroad Co. v. Larson*, 40 Kas. 301; *Poppenheim v. Elevated Rly. Co.*, 128 N. Y. 436; 26 Am. Rep. 486, and notes.)

In the *Twine case*, 23 Kas. 585, the track, as completed in the narrow valley of the city of Atchison, deprived the lot owner of all use and benefit thereof, and destroyed access to the valley.   Under the license from the city to occupy the valley, the railroad company had confiscated it, and, although it was doubtful upon what cause of action the trial court allowed the damages, this court said that the lot owner might recover, under the circumstances, for a permanent depreciation of his property.

In the *Andrews case*, 26 Kas. 702, the railroad was constructed in the usual manner over and upon an alley of the city of Atchison, in accordance with the provisions of an ordinance of that city.   The lot owner, having brought his action for a permanent obstruction, was permitted to recover as

if the alley were permanently appropriated by the railroad company for its use. In the *Fox case*, 42 Kas. 490, the railroad company obtained consent of the city of Newton to appropriate a street in that city for railroad purposes. The railroad was skillfully and properly constructed, but the entire street opposite the premises of Fox was rendered wholly useless as a highway, or as a means of access to and from the lots. Both the company and the lot owner in that case treated the appropriation of the street as a permanent one, and therefore damages for a permanent appropriation were allowable.

In *L. N. & S. Rly. Co. v. Curtan*, ante, p. 432, all the parties to that action, upon the trial, treated the obstruction as a permanent appropriation of the alley or a part thereof.

If the track and roadbed of a railroad is completed in accordance with the provisions of a city ordinance, or with the assent and under the direction of city officials, it may fairly be presumed that the railroad company "considers such manner of occupation necessary for its purposes, and has so laid the track with reference to its own necessities," and that the city "regards the use by the company of the alley or street so occupied as of more value to the public than the general use by the public itself, and will never interfere with such use by the company." But where a railroad company constructs its road across, along or upon a public highway, under the provisions of ¶1207, General Statutes of 1889, what constitutes a nuisance to-day, in the construction of the road, may cease to-morrow, because it is to be presumed that the highway officials or road overseers will perform their official duties, and require the provisions of the statute to be complied with. If Peterson, by bringing his action for a permanent appropriation, could bind the public authorities, or if the railroad company could be relieved thereby from its duty to restore the highway, then permanent damages would be allowed; but such is not the case upon the facts presented.

The judgment of the district court will be reversed, and the cause remanded.