## PERRY, MATTHEWS, BUSKIRK STONE COMPANY *v.* SMITH.

### [No. 6,476. Filed October 16, 1908.]

1. PLEADING. — *Complaint.* — *Nuisance.—Discharging Slush.—Trespass.*—A complaint alleging that defendant, in the operation of its stone sawmill, discharged slush upon plaintiff's land, to his damage, is sufficient. p. 414.

2. DAMAGES. — *Injuries to Land.—Permanent.—Temporary.*—The measure of damages for permanent injuries to land is the depreciation thereof in value; and for temporary injuries, the depreciation in the rental value thereof. p. 416.

3.   TRIAL. — *Interrogatories.* — *Answers.*—*Signing.*—Answers to interrogatories which are not separately signed by the foreman of the jury should be considered, though the better practice is to require each answer to be signed; and objections for such reason, to be available, must be made before the dismissal of the jury. p. 416.

4.   APPEAL. — *Damages.* — *Excessive.* — *Conditional Affirmance.* — Where the answers to the interrogatories show that plaintiff sustained damages in the sum of $100 by reason of the alleged injuries, a judgment for $200 may be affirmed on condition of his remission of $100.   p. 417.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by George W. Smith against the Perry, Matthews, Buskirk Stone Company. From a judgment for plaintiff, defendant appeals. *Affirmed conditionally.*

*John H. Underwood* and *H. R. Kurrie,* for appellant.
*Boruff & Boruff,* for appellee.

COMSTOCK, J.—The complaint alleges that the defendant, a corporation, owns and controls an extensive stone-mill, with many saws, etc., used for sawing limestone into products to be marketed in the different cities of the United States; that, in the sawing of said stone, grit, sand and water are used, which make a great amount of slush; that plaintiff is in the business of slaughtering animals for market in the city of Bedford; that he has had at various times and at all times many cattle and sheep, ranging from five to thirty head, upon real estate owned by him for general use and described in the complaint; that upon said real estate, at the time he purchased it, there were three large, fresh-water springs; which were used for water for the cattle and water in the slaughtering business aforesaid; that the defendant carelessly and negligently concentrated into one channel all of said slush, which was made from the sawing, planing and heading of stone at its saw-mill, which is situated some three or four hundred yards from plaintiff's said real estate, and ran it over and upon plaintiff's said real estate; that by reason of said act said three springs have been entirely filled

up and do not furnish water for his stock; that said slush has divided his real estate into two different portions; that it has accumulated on a strip of ground, from thirty feet to three-fourths of a mile in width, across his real estate; that this slush has so accumulated that it sometimes almost prevents hogs, cattle and sheep from crossing from one side of the pasture to the other; that plaintiff has been deprived, by the accumulation of said slush, of a great amount of grass; that plaintiff's herd of hogs, of the value of $250, have been killed by rolling in and drinking the gritty water; that his cattle have become diseased and unfit for beef; that his sheep-pens and houses have been flooded and rendered unfit for use by the muddy slush.

The complaint consists of two paragraphs. The first alleges that the defendant collected into one channel the refuse, water, sand and limestone grit from the planing and the heading of stone at its great sawmill, and ran it over appellee's land to his damage as stated. In the second paragraph it is alleged that this debris was emptied out upon the land of one Bailey, below that of the defendant, and then carried over and flowed upon the land of the plaintiff.

A demurrer to each of these paragraphs was overruled, and an answer filed in two paragraphs; the first being a general denial, and the second a plea of the six-year statute of limitations. A trial by jury resulted in a verdict for appellee for $200. With the general verdict, answers to interrogatories were returned.

The assignment of errors questions the sufficiency of the complaint, and the action of the court in overruling appellant's motion for a new trial and in refusing to enter judgment upon the interrogatories and answers thereto, instead of upon the general verdict.

The court did not err in overruling the demurrer.

Complaint is made that the court erred in instructing the jury upon the measure of liability. The complaint does not

allege that there was any reduction in the rental value

2. of the real estate, and no evidence was introduced of the rental value before and after the acts complained of. The court instructed the jury that the measure of damages to the land was the difference in its value before and after the trespass. This is the rule applicable to permanent injuries; but where the injury is not permanent, but may be discontinued, the measure is not the depreciation in the value of the property, but in its rental value. Depreciation is an element where the nuisance is permanent. *Cleveland, etc., R. Co.* v. *King* (1900), 23 Ind. App. 573, and cases cited; *Shively* v. *Cedar Rapids, etc., R. Co.* (1887), 74 Iowa 169, 37 N. W. 133, 7 Am. St. 471; *Markt* v. *Davis* (1891), 46 Mo. App. 272; *Attwood* v. *City of Bangor* (1891), 83 Me. 582, 22 Atl. 466. It is the theory of appellee that the injury was permanent. The springs were filled with slush, consisting of sand, gravel and water, and appellee testified that the springs were not there then. While this condition may be permanent, the evidence shows no other injury which could be so considered. There was no evidence as to the value of these springs.

Appellee objects to the consideration of the answers to interrogatories four and five, because they were not signed by the foreman of the jury. Said interrogatories and

3. answers are as follows: "(4) Do you find that certain hogs of plaintiff died from use of water which was polluted by defendant as charged in the complaint? A. No. (5) If you answer number four in the affirmative, what was the value of the hogs that died?" No answer to number five. The answer to number four dispensed with an answer to number five. The answers to the other interrogatories are signed by the foreman of the jury. The statute does not say that the foreman of the jury shall sign the answer to each interrogatory, although that practice is to be commended; but, when no objection is made to the failure of the foreman of the jury so to sign before the dis-

missal of the jury, it is too late to make that objection on appeal. *Louisville, etc., R. Co.* v. *Kemper* (1899), 153 Ind. 618; *Sage* v. *Brown* (1870), 34 Ind. 464; *Vater* v. *Lewis* (1871), 36 Ind. 288, 10 Am. Rep. 29.

The answers to interrogatories show the damage to the land to be $100. The general verdict is for $200. The jury further found that there was no damage to the live stock. It is evident that the jury considered other facts than the damage to the land and the live stock. As the jury found the damage to the land to be $100, and as it is manifest that the land was damaged in some amount, the judgment will be affirmed, at appellee's costs, upon the remission of $100 thereof within thirty days; otherwise, the judgment will stand reversed, with instructions to sustain appellant's motion for a new trial.

It is unnecessary to consider other reasons for a new trial.