## FLAGG *v.* RUSSELL.

[No. 12,976.   Filed February 23, 1928.]

*M. E. Graves* and *John A. Dunlap,* for appellant.
*Hanley & Hanley,* for appellee.

NICHOLS, J.—Action by appellee against appellant for damages, on account of alleged injuries received in an automobile accident. Appellee charges that she was riding with her husband in his automobile, upon a public highway, and that appellant, driving his automobile, approached them from the opposite direction; that appellee and her husband were traveling north, and appellant was traveling south on said highway; that when appellee and her husband approached appellant's automobile, appellee's said husband guided his automobile to the extreme right side of said public highway, as far as possible for him to drive safely and as near the right side of the road bed as he could safely drive; that appellant was driving his car at a fast and dangerous rate of speed, had no control of his car, was in an intoxicated condition, and while so driving, appellant carelessly and negligently swerved from the westerly side of said highway and negligently and carelessly ran his automobile on and against appellee's husband's automobile with great force and violence, causing the alleged injuries complained of.

Appellant filed a motion to strike out so much of appellee's complaint as averred that appellant was running his automobile upon the public highway in violation of the laws of the State of Indiana, being §9, ch. 48, of the acts of the legislature for the year 1925, for the reason, as appears by appellant's memorandum to his motion, that such act of the legislature is unconstitutional being

in violation of the provisions of Art. 4, §19 of the Constitution of the state. The court overruled said motion, to which ruling appellant excepted. Appellant filed answer in general denial. The cause was tried by a jury, which returned a verdict for appellee assessing the amount of her damages at $429. The jury also returned into open court with its verdict, interrogatories submitted to it by the court, and its answers thereto.

Appellant filed his motion for judgment on the answers to interrogatories notwithstanding the general verdict, which motion was overruled and judgment was rendered for appellee, from which this appeal, appellant assigning as error the action of the court in overruling appellant's motion to strike out parts of the complaint, and in overruling his motion for judgment notwithstanding the general verdict.

There was no reversible error in the action of the court in overruling appellant's motion to strike out parts of the complaint, the only effect of such ruling being to leave surplusage in the record. This has been so held in an unbroken line of decisions by this court and the Supreme Court. We do not need to cite authorities. The complaint was good on the theory of common-law negligence. There was no demurrer to the complaint, and, had there been, it stated a cause of action upon the theory of common-law negligence. Nor was there a demurrer to so much of the pleading as alleged a violation of the statute. There was no answer setting forth an infringement of any constitutional right. The evidence is not in the record and, therefore, it does not appear that there was any proffered evidence of such violation of the statute, nor was there any instruction tendered by appellant with reference to such statute. There was, therefore, no question as to the constitutionality of the act presented.

Appellee presents that the answers to the interroga-

tories are not signed by the foreman of the jury, that they are therefore no part of the verdict, and that no question is presented with reference thereto.

But appellee failed to make any objection that the answers to interrogatories returned by the jury were not signed, before the jury was discharged. By such failure, she waived the objection. *Louisville, etc., R. Co.* v. *Kemper* (1899), 153 Ind. 618, 625, 626; *Perry, etc., Stone Co.* v. *Smith* (1908), 42 Ind. App. 413, 416, 417; *City of Huntington* v. *Breen* (1881), 77 Ind. 29, 33.

It appears by these answers to interrogatories, stated in narrative form, that the accident involved occurred on state highway No. 10; that appellant was not driving at a dangerous rate of speed at the time; that the rate of speed was about twenty-five miles an hour; that appellee was riding with her husband in his automobile which he was driving along the east side of the highway just before the accident; that, while appellee was traveling north with her husband and appellant was traveling south, her husband attempted to pass appellant on the west side of appellant's automobile with the intention of avoiding an accident, and that the impact was on the left side of appellant's car and on the right side of the husband's car; that the collision of the cars did occur on the west side of the highway; that the broken glass from the wreck fell on the highway from the center to the west side thereof, and that blood from the wounds was found on the west side; that the automobiles, immediately after the accident, were on the west side of the highway, with the rear end in the center of the road; that the stone portion of the highway at the place of the accident was twenty-two feet wide; that the front wheels of appellant's car, immediately after the accident, were from one to three feet from the west edge of the stone portion of the highway.

It is well settled that every reasonable inference and presumption is indulged in favor of the general verdict, and that nothing is presumed or inferred in favor of answers to interrogatories as against the general verdict; that it is the duty of the court to reconcile if possible the answers to the interrogatories with the general verdict; and that the judgment rendered will not be disturbed by the court on appeal unless the answers to interrogatories are irreconcilably inconsistent with the general verdict.

It is averred in the complaint, as appears above, that appellee's husband guided his automobile to the extreme right side of the public highway as near to the right side as he could safely drive; that appellant was driving at a fast and dangerous rate of speed, had no control of his car, was intoxicated, and negligently swerved from the westerly side of the highway running his car into the husband's car with great force and violence. The answers to interrogatories are not necessarily inconsistent and irreconcilable with these averments of the complaint. It appears by both the averments and the answers to interrogatories that the husband was driving along the east or right side of the highway immediately before the accident, and that appellant swerved from the west side of the highway and the accident followed. Appellant says that the truth was that appellee's husband, becoming apprehensive that a collision was imminent, (because appellant had swerved from the west side of the road) drove his automobile across the road to the left hand side, which was the west side, and that appellant, also realizing the danger of a collision, *drove his car to his own, or right hand side of the highway,* and that the collision occurred. By this statement, appellant admits that his car was on the wrong side of the road and that he attempted to drive it to his own side. The complaint does not undertake to state in de-

tail the happenings at the time of the accident. It was not necessary so to do in the absence of a motion to make more specific. Appellee states a reasonable inference from the answers to interrogatories and we may also infer that appellant was on the wrong side of the highway because he swerved from the right side thereof and this act of appellant resulted in the accident. The fact that the husband, when he saw that an accident was imminent because appellant had swerved to the wrong side of the road, attempted to avoid a collision by dodging to the left, is not out of harmony with the theory of the complaint. We find no irreconcilable conflict tween the answers to interrogatories and the theory of complaint.

Judgment affirmed.