BUDDENBERG v. MORGAN.

[No. 16,466. Filed December 23, 1941. Rehearing denied February 13, 1942. Transfer denied March 23, 1942.]

610

612

614

*Charles Lowe,* of Lawrenceburg (*Fenton, Steers, Beasley & Klee,* of Indianapolis, of counsel), for appellant.

*Estal G. Bielby,* of Lawrenceburg, *John W. Hudson,* of Cincinnati, Ohio, and *Orville J. Hubbard,* of Brookville (*Taft, Stettinius & Hollister,* of Cincinnati, Ohio, of counsel), for appellee.

BLESSING, J.—On the 17th day of December, 1934, Marian Wilson Morgan, with her two daughters, Mary D. Morgan, aged eighteen years, who was driving the car, and another daughter of very tender years were returning from the State of New York to her home in Denver. They were traveling in an Oldsmobile, and while traveling westwardly on Federal Highway No. 50, near the town of Dillsboro, Indiana, the appellant, through his agent, servant and employee was operating a Gulf gasoline truck over said highway in an eastwardly direction. A collision occurred between these vehicles; and as a result thereof, all of the occupants of both vehicles were killed instantly or died within a few hours from the time of the accident, except the small daughter of Mrs. Morgan. There were no eyewitnesses to this collision and terrible tragedy.

Subsequently, the appellee, as executor of the estate of Marian Wilson Morgan, deceased, brought this action to recover damages for the wrongful death of Marian Wilson Morgan, who left surviving her, her husband, Harry L. Morgan, Elizabeth Morgan, a daughter 16 years of age, a daughter, Nancy Morgan, 14 years of age, and her daughter, Alice Morgan, 5 years of age. The complaint was in one paragraph. A motion was directed to this complaint to strike out certain parts thereof, which was overruled; and this ruling of the

court is made a separate assignment of error in this appeal. The issues were closed by the filing of a general denial on the behalf of appellant, and the case was tried to a jury. A verdict resulted in favor of the plaintiff in the amount of $7,000. A motion for new trial was filed, which was overruled; and this ruling of the court constitutes the second and remaining assignment of error. The specifications set forth in the motion for new trial are:

1. Error of the court in sustaining a challenge for cause to a prospective juror.

2. The verdict of the jury is not sustained by sufficient evidence.

3. The verdict of the jury is contrary to law.

4. Errors of law occurring at the trial and duly excepted to by the defendant, involving rulings upon the admissibility of evidence, motions to strike out, exceptions to instructions given and refused, and the ruling of the court upon motions, both at the close of plaintiff's evidence and at the close of all of the evidence, for a peremptory instruction directing the jury to return a verdict for the defendant. The specific allegations of negligence charged in the complaint are that the appellant's servant and agent was operating a truck at the time of the collision at a reckless and dangerous rate of speed, to wit, sixty miles per hour, and at the time of said accident was operating said truck upon his left-hand side of said U. S. Highway No. 50; also that he carelessly and negligently ran said truck into the automobile occupied by appellee's decedent and her two daughters.

The complaint is not attacked except for the motion to strike out parts thereof. The complaint alleged that defendant "is the owner and proprietor of a Gulf Bulk oil station," and in connection with said business,

"he did, on the 17th day of December, 1934, own, control and operate several oil trucks in connection with his said business." A further allegation of the complaint charged that the servant and agent of the appellant was then and there operating and driving said International truck upon said U. S. Highway No. 50 at a high and dangerous rate of speed, "while in an intoxicated condition," and upon a highway that was much used for traffic; "and that he was in such an intoxicated condition that he was unable to control said truck and to operate the same with due regard for the safety of others using said public highway." The complaint also charged as follows: That said John Buddenberg had been in the employ of his brother, Fred Buddenberg, for several years prior to the 17th day of December, 1934, and "that said defendant, Fred Buddenberg, knew that his brother, John Buddenberg, who was driving his truck for him, as his agent, servant and employee, was in the habit of becoming intoxicated, and was not safe to be permitted to operate motor vehicle upon the public highways of the State of Indiana, but notwithstanding, he did permit his brother to operate said International truck on December 17, 1934. while in an intoxicated condition, and by reason of the carelessness and negligence of the said Fred Buddenberg in employing his brother, John Buddenberg, who he well knew was an habitual drunkard and not a proper person to hire as a driver of trucks on the public highway," and by reason of the carelessness and negligence of the servant and employee of said defendant, as herein alleged, Marian Wilson Morgan was killed in said collision which said collision and the death of Marian Wilson Morgan was not caused by any act of the decedent contributing thereto.

A motion to strike out was addressed separately and severally to such parts of the above allegations as are enclosed within the quotation marks. It is argued that all of the allegations which appellant seeks to eliminate from the complaint are unnecessary and prejudicial to appellant. The allegations concerning the character of appellant's business and the number of trucks operated by him may not be essential to the cause of action, but no showing is made, nor can we perceive in what manner these charges could have been in anywise prejudicial to appellant. The record discloses that there was some conflict in the evidence as to the color of the truck driven by appellant's agent; some witnesses describing it to be of orange color and others describing it as a red truck. Under these circumstances, it would have been competent to show the number of trucks operated by appellant in order to identify the truck involved in the accident as one belonging to appellant. Vigorous assault is made upon the allegations which charged that the servant of the appellant was operating the truck "while in an intoxicated condition" upon a highway that was much used by traffic, and "that he was in such an intoxicated condition that he was unable to control said truck and to operate the same with due regard for the safety of others using said public highway." These allegations of the complaint charged not only intoxication but also the degree or extent of intoxication affecting the servant at the time he was operating the truck. In our opinion these were proper allegations of fact. It is a violation of law in this State to operate a motor vehicle upon the public highways of this State while under the influence of intoxicating liquor. Section 47-517, Burns' 1933. To operate an automobile in violation of a statute is negligence, and

such negligence is actionable if it proximately results in injuries to life or property. It is appellant's contention that intoxication alone does not constitute actionable negligence. With this statement, we are in accord; but when intoxication of the driver coupled with the operation of a motor vehicle is established, wrongful conduct is shown. The appellant admits that without these allegations with respect to intoxication, evidence of intoxication of the driver was competent. This being true, no prejudice resulted to appellant on the court's refusal to strike these allegations from the complaint.

The remaining allegations sought to be stricken from the complaint are those which disclose an attempt upon the part of the pleader to charge appellant with the employment of an incompetent person, whom he knew to be incompetent, to operate a motor vehicle upon the highway. It appears from the evidence that the master-servant relationship between the appellant and the driver of the truck was admitted, and no evidence was offered on this theory of the complaint, and no instruction was given authorizing the jury to render a verdict on such theory. The main contention of appellant on his motion to strike out, with respect to this part of the complaint, is that the court read the entire complaint as a part of its instruction defining the issues; that the jury was permitted to take the pleadings to the jury room; and that, therefore, this part of the complaint was highly prejudicial to appellant. The court in its instruction was careful to guard appellant's rights in charging the jury with plaintiff's burden of proof to establish the material allegations of his complaint by a fair preponderance of all of the evidence, and in admonishing the jury that the pleadings which it was permitted

to take to the jury room were not evidence or any proof of the facts therein alleged. If the appellant felt that he would be aggrieved and his rights prejudiced by the court's reading to the jury that part of the complaint which was unsupported by any evidence, the proper procedure would require appellant to request the court by appropriate action to withdraw that issue from the consideration of the jury. The court was not in a position to know what the evidence would be before the trial, and we cannot presume that it would have refused to withdraw from the consideration of the jury an issue upon which there was no evidence. In addition to what we have heretofore said in regard to the motion to strike out parts of the complaint, it is to be noted that there is a long line of unbroken decisions in this State holding that the ruling on a motion to strike out is not reversible error. *Pfau, Treasurer,* v. *State, ex rel. Ketcham, Attorney-General* (1897), 148 Ind. 539, 47 N. E. 927; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 53 N. E. 829; *Petree* v. *Brotherton* (1893), 133 Ind. 692, 32 N. E. 300; *Holland* v. *Holland* (1892), 131 Ind. 196, 30 N. E. 1075; *City of Crawfordsville* v. *Brundage* (1877), 57 Ind. 262; *Gill, Auditor* v. *The State, ex rel. The board, etc., of Ripley County* (1880), 72 Ind. 266; *Flagg* v. *Russell* (1928), 87 Ind. App. 110, 166 N. E. 672.

The complaint here involved was not a sham pleading, and the ruling of the court on the motion to strike out did not constitute reversible error.

The first reason assigned for a motion for new trial is that the court erred in sustaining a challenge for cause to a prospective juror. Among the questions propounded to the prospective juror are these:

"Q. Are you a policyholder or a stockholder of the State Automobile Insurance Association of Indianapolis, Indiana?

"A. I have three or four policies with the State Automobile Insurance Company.

"Q. Are you acquainted with Mr. Curtis Moeller of Lawrenceburg, Indiana?

"A. No, sir.

"Q. Are you acquainted with Mr. Huff, of Indianapolis, Indiana?

"A. No, sir, I do my business through Senefeld here at Brookfield.

"Q. You don't know of any reason why you wouldn't be a competent juror?

"A. I don't know.

"Q. You haven't any prejudices the one way or the other in the matter.

"A. No, sir."

Upon these questions and answers, counsel for plaintiff outside of the presence of the jury challenged the prospective juror for cause. It was stipulated by counsel for the parties that the defendant carried insurance on the truck involved in the accident belonging to him with the State Automobile Insurance Association at the time of the accident, and that counsel for the defendant were counsel employed by the State Auomobile Association to defend this action. It was also stipulated that the insurance company was not a stock company and that the policy of the defendant was a non-assessable policy as are all policies issued by said association. Upon the questions and answers set forth and the stipulation, the court sustained the challenge for cause, and the appellant contends that this ruling was prejudicial to defendant in the trial of this cause. Except for the direct statement of appellant in his brief, that he was prejudiced by the action of the court in sustaining the challenge for cause, no showing is made of any prejudice that resulted or any reason

given as to why any prejudice did result. It does not appear that plaintiff had exhausted his peremptory challenges nor does it appear that the juror filling the vacancy of the discharged juror was in any way disqualified, unfit or less impartial than the excused juror. The court's action was, no doubt, motivated by an effort to secure an impartial jury for both litigants. There is no showing that there was an abuse of discretion upon the part of the trial court; and if the ruling on the challenge was erroneous, it was apparently harmless. Our Supreme Court in the case of *Pittsburgh, etc., R. Co.* v. *Montgomery* (1898), 152 Ind. 1, 23, 49 N. E. 582, said:

> "It is complained under the motion for a new trial that the circuit court erred in excusing on its own motion the juror Overholser, who it is alleged was a competent juror, over appellant's objection. But it is not shown that the jury which was finally impaneled was not a fair and impartial jury. In such a case the matter is very much in the discretion of the trial court, and no error is committed where no injury results from the court's action in excusing the juror."

Separate errors are predicated upon the rulings of the trial court with reference to the admission of certain testimony. Plaintiff called Robert Smaltz as a witness upon the question of intoxication; and after the witness had stated certain facts, he was asked the following question: "From what you observed of the driver of this truck that you saw there on that day, from his actions and the way he handled the truck and what you saw, you may state to the jury whether or not this person was sober or intoxicated." Objection was urged to this question on the ground that the witness had testified that he did not know John Buddenberg (the driver of the truck) and that he was not at all sure that it was the truck involved

in the accident. The objection was overruled by the court. It was not necessary that the witness should know John Buddenberg, but the individual inquired about was identified as the *driver* of the truck; and although this witness was not certain as to the particular truck involved in the action, sufficient identification had been made as to the vehicle referred to by other witnesses who testified with reference to the place where it was parked. The ruling of the court was correct, and it was for the jury to give such weight to the testimony of the witness to which it felt it entitled. On cross-examination of this same witness, the appellant asked him if he knew Delbert Hamilton, to which question he answered as follows: "I wouldn't know him if I did see him." Appellant then asked him this further question: "Do you know whether he was working at that time over at Gabler's Filling Station?" To this question appellee objected on the ground that the witness did not know Mr. Hamilton. The objection was sustained. This ruling was within the discretion of the court and not error. No further effort was made to identify the person inquired about or to furnish any basis upon which the witness could give an intelligent answer. Under these circumstances there was no undue limitation of cross-examination. It appears from the record, that this case had been tried once before and that certain witnesses appeared in both trials. In the former trial, the question of intoxication of the driver of the truck was an issue. In the trial of the instant case, a witness was interrogated as to the sobriety of the truck driver a very short time before the accident; and in answer to a question, the witness testified as follows: "I don't know if he was drunk. He might have been a least bit." He admitted, in answer to a question, that he

had testified before in this case; whereupon counsel for appellee propounded this question: "I will ask you if you didn't testify in the other trial in your opinion that he was intoxicated?" This question was objected to on the ground that it did not refer to the specific question and answer according to the record of the previous trial, and for the further reason that it was an attempt upon the part of the plaintiff to impeach his own witness where no prejudicial answer had been given. The objection was overruled and the witness answered as follows: "Well it seems that he was intoxicated." Counsel for appellee pursued this matter further and the following questions and answers appear in the record:

"Q. I will ask you if in last May the same question was put to you, from what you seen out there your observation of Mr. Buddenberg:

"A. Yes.

"Q. Is that true?

"A. Yes.

"Q. I will ask you in the May trial if I didn't put the question to you that from your observation and what you seen of Mr. Buddenberg and acquaintance-ship, in your opinion whether he was intoxicated, sober or intoxicated and if you didn't answer that question that in your opinion he was intoxicated."

Appellant renewed his objection to the last question, which objection was overruled and the witness answered: "Yes I testified to that last May." As to the form of the question, it was admitted to be correct by the witness. Under the provisions of our statute, § 2-1726, Burns' 1933, it has been held that before a party may impeach his own witness by a former statement, it must appear that the present testimony is prejudicial. We are of the opinion that the answer, "I

don't know if he was drunk. He might have been a
least bit," was prejudicial and inconsistent with the
witness' previous testimony that the driver in his
opinion was intoxicated. Under the circumstances, we
are of the opinion that appellee was not bound by the
second answer, but was entitled to an unequivocal
affirmation or denial of the answer given on the previous trial of this cause. In the case of *Oldfather* v. *Zent*
(1898), 21 Ind. App. 307, 312, 52 N. E. 236, and with
reference to the question here in controversy, the court
said:

> "Without any reference to any statutory provision on the subject, it cannot be regarded as a sufficient objection to such a course of examination
> that the answer of the witness, by reason of its
> contradiction of his testimony already given, may
> tend to weaken confidence in the memory or the
> truthfulness of the witness; this being, not the
> sole purpose and effect, but only an unavoidable
> incidental result in seeking by a reasonable and
> natural method to arrive at the truth, which should
> be the object of rules of evidence."

If it can be contended that the second answer is not
inconsistent with the witness' opinion given on the
former trial, the statement quoted from the above case
fully warranted the court's ruling.

Charles Berner was called as a witness for the plaintiff, and to a proper question, calling for his opinion
as to whether the driver of the truck at the time
he got off of the truck and got back on the same
at Dillsboro was sober or intoxicated, answered
that in his opinion the driver was intoxicated. On
cross-examination of this witness, the appellant propounded this question: "As far as you know, Charley,
it may be because he was sick or because he was riding
a long way or because he was intoxicated, any one of

them?" The witness in answering this question said: "Well knowing the man and everything." At this point the appellant objected on the ground that plaintiff was attempting to get before the jury from this witness the prior intoxication of the driver, and that his habit in that respect was incompetent, and that the only question involved in that respect was his condition immediately prior to the accident and the witness had no right to base his answer on his prior knowledge of the driver. This objection was overruled, and the witness concluded his answer with the statement: "why he was intoxicated." A motion to strike the entire answer on the same ground as stated in the objection was overruled. Error is predicated on these rulings.

It was not error to overrule the objection. The motion to strike out the entire answer was too broad as the last part of the answer was wholly responsive. Considering the form of the question, we are of the opinion that the entire answer was competent. The question was argumentative and admitted of an argumentative answer.

During the examination of one of appellant's witnesses, the attorney conducting the examination drew a part of his interpretation of the witness's story on paper. The testimony had to do with what appeared to have been tire burns a short distance east of the point of collision. These burns were shown to have been made by the wheels on the same side of a car, and the west terminus of the burns was slightly south of the center line. There was nothing to indicate whether the burns had been made by the wheels on the left side of the car or by those on the right side of the car. The attorney submitted his drawing to the witness and had the witness indicate by marks the location of the tire burns. When the

witness finished, the attorney had this drawing marked as an exhibit and offered the same in evidence, which was refused on objection by the appellee. The testimony of the witness was clear and the exhibit was merely illustrative. While it would not have been error to admit the exhibit, the court's refusal to admit it, under the circumstances, was within the discretion of the court and not error. *Haven* v. *Snyder* (1931), 93 Ind. App. 54, 176 N. E. 149.

Other errors are predicated on the rulings of the court with respect to the admission of evidence and on motions to strike out parts of the evidence. An examination of the record reveals that the alleged errors are such as not to require specific attention; and it is sufficient to say that error, if any, in these additional matters are not such that the rights of the appellant were in any wise prejudiced.

The appellant complains, that there was not sufficient evidence to sustain the verdict and therefore the court erred in refusing to sustain his motion for a peremptory instruction at the close of the plaintiff's case and renewed at the conclusion of all of the evidence. There was ample evidence from which the jury could find that the driver of the appellant's truck was intoxicated at the time of the accident. The evidence as to the collision and the cause thereof was all circumstantial; but there was evidence from which the jury could find that the driver of appellant's truck was, immediately prior to the collision, operating said truck to the left of the center line of U. S. Highway No. 50 and in the lane for cars traveling west and in the opposite direction to that in which the truck was being operated. The collision occurred at about the crest of a rise in the road up which the truck had traveled, and tire marks of the character of the treads on the tires worn

by the truck were described as being to the left of the center line and led up to within a few feet of where the truck was overturned. These tracks leading up to the truck were described as weaving in and out, and there was evidence that when the truck left the filling station a short time before the accident, it "wig-waggled" down the road. There was testimony about a gouge in the westbound lane near where the vehicles came to rest and also that there was dirt and dust from the truck and car in said lane. Along with these facts, the evidence disclosed the position of the vehicles immediately after the accident; and detailed descriptions, supplemented by photographs, disclosed the amount and character of damage suffered by both machines.

It is a well-established rule of law that it is only where the evidence upon any question is undisputed and only one legitimate inference can be drawn therefrom that the court has a right to direct a verdict. If there is any legal evidence whatever, having legal weight, or any legitimate inferences from such evidence tending to support plaintiff's right to recover, the question is one for the jury. *Gasco* v. *Tracas* (1927), 85 Ind. App. 591, 155 N. E. 179; *Jackson, Rec.* v. *Mauck* (1920), 189 Ind. 262, 126 N. E. 851; *Doan* v. *E. C. Atkins & Co.* (1916), 184 Ind. 678, 111 N. E. 312; *Rush* v. *Coal Bluff Mining Co.* (1892), 131 Ind. 135, 30 N. E. 904; *Hartlage* v. *Louisville etc., Lighting Co.* (1913), 180 Ind. 666, 103 N. E. 737; *Smith, Admx.*, v. *Cleveland, etc., R. Co.* (1918), 67 Ind. App. 397, 117 N. E. 534.

In view of this rule, and under the facts of this case, appellant's motions for a directed verdict were properly overruled. Adding to what we have said with respect to the motions to direct a verdict, it may be stated that in order to overthrow a judg-

ment on the ground of insufficiency of the evidence the burden is upon appellant to establish that upon the consideration of all the evidence most favorable to appellee, with all of the reasonable inferences that the jury might deduce therefrom, it is of such a character as to present a question of law and not one merely of fact. *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470, 73 N. E. 990; *Klingaman* v. *Burch* (1940), 216 Ind. 695, 25 N. E. (2d) 996. Reasonable minds could differ on the question of whether or not the evidence in this case supported at least one of the charges of negligence alleged in the complaint. Considering the evidence most favorable to the appellee, it cannot be said that as a matter of law the verdict was not sustained by the evidence or that the verdict was contrary to law.

The appellant tendered 22 instructions, all of which were refused by the court. Error is predicated on this refusal of the court to give each of the instructions so tendered by the appellant. The court of its own motion gave to the jury 33 instructions. Exception to each of the court's instructions was reserved by the appellant. The court's instructions fully cover the issues in the case; and if the court's instructions are correct, no error was committed in the refusal to give any of the instructions tendered by the appellant. Complaint is made of instruction number 4, by which the court informed the jury that this cause was first instituted in the Dearborn Circuit Court and upon application the cause had been venued to the Franklin Circuit Court for trial. There was no indication as to which of the parties applied for the change of venue, nor does the record disclose that any comment was made to the jury on this subject. While

there appears to us no reason for the giving of such instruction, the appellant was not harmed thereby.

Appellant challenges instruction number 18 given by the court on proximate cause. The court defined proximate cause as it has usually been defined by the courts, and appellant contends that this definition is no longer sufficient for the reason that it omits the element of "foreseeability." The case of *Swanson* v. *Slagel, Administratrix* (1937), 212 Ind. 394, 8 N. E. (2d) 993, is relied upon to support appellant's contention. In that case there was involved the question of an intervening independent agency. No such question is here involved. "Foreseeability" is an essential element of proximate cause; and when there is involved the question of an independent intervening agency, one who is charged with negligence cannot be held responsible for the result of such negligence, unless both some type of injury and the intervention of the independent agency should have reasonably been anticipated. *Indiana Service Corporation* v. *Johnston* (1941), 109 Ind. App. 204, 34 N. E. (2d) 157. In the case at bar, the court in its instruction number 9 told the jury that in order for the plaintiff to recover, not only the negligence charged in the complaint had to be proven but it must appear from the preponderance of the evidence that the accident causing the injuries and death complained of was one which in the exercise of reasonable care and foresight the defendant ought to have anticipated and prevented. This instruction fully informed the jury with respect to the element of "foreseeability," and when considered with the court's instruction 18, the jury was fully and correctly instructed on proximate cause.

Instructions 19 and 24 are both attacked by appellant. A part of instruction 19 is as follows:

"It is further provided by statute in this state that it shall be unlawful for any person to operate a motor vehicle on any public highway of this state while under the influence of intoxicating liquor. The operation of a motor vehicle in violation of this statutory law constitutes prima facie negligence for which its operator is liable for any injuries or death proximately caused by reason thereof to any person, if such person, at the time of receiving such injuries or death, was in the exercise of reasonable and ordinary care. Such prima facie negligence is subject to be rebutted by evidence to the contrary."

Instruction number 24 in full is as follows:

"Testimony has been admitted during the trial of this case for the purpose of establishing that the driver of defendant's International truck at the time of the collision herein was intoxicated. It is proper, therefore, that the Court instruct you that voluntary intoxication, in and of itself, and standing alone and unsupported by other existing facts satisfactorily established, is not negligence, and in this case in the event that the only evidence of negligence on the part of John Buddenberg which you find, if you do so find, is his voluntary intoxication at the time of the collision herein, then your verdict should be returned for the defendant herein.

"But it is further proper that the Court instruct you that voluntary intoxication will not excuse a man from the requirement made of all citizens that he exercise at any time the care and prudence that an ordinarily prudent and careful person would exercise under the same or like circumstances. A drunken or intoxicated man is held to the same measure of responsibility as a sober one, and his actions are judged by the same standard. And it is proper for this jury to consider the fact of voluntary intoxication of John Buddenberg at the time of and immediately prior to such

collision, if such be a fact, together with all of the other evidence in this case in determining whether or not such truckdriver at such time did exercise the care and caution of an ordinarily prudent and careful person placed under the same or like circumstances.

"The question whether John Buddenberg was negligent in the operation of such truck, immediately prior to and at the time of such collision, must be determined by the jury from the objective physical acts done or omitted by him, and his intoxication, if it existed, would be merely a circumstance reflecting upon the probability as to whether he was at such time doing or omitting to do some outward objective physical act required by the rule of ordinary care which I have given to you."

In addition to other criticisms of that part of instruction 19 set out, which we think require no consideration, the appellant contends that the portion of instruction 19 set out and instruction 24 are inconsistent and contradictory to such an extent that the giving thereof was calculated to confuse and mislead the jury. As hereinbefore indicated, the operation of a motor vehicle by one while under the influence of intoxicating liquor is a violation of a statute and such a violation is negligence *per se*. Such negligence is actionable if it is the proximate cause of any injury to another who is without fault. *Lorber* v. *Peoples Motor Coach Co.* (1929), 89 Ind. App. 139, 164 N. E. 859, 172 N. E. 526; *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365. If it appears from the evidence that the violation of this statute was the original wrong, which in its natural and continuous sequence, and unbroken by any new cause, produced the injury and death complained of, its force as a proximate cause would not be destroyed by another act of negligence of the defendant closer in point of time to the collision of the two vehicles.

On the other hand, the defendant in this cause is specifically charged with negligently operating the truck to the left of the center of the highway. This act of negligence could have been committed whether the driver was drunk or sober, and therefore, the court, with respect to this specific charge of negligence, told the jury in instruction 24 that the intoxication, of the driver could only be considered as a circumstance reflecting upon the probability of · the commission of the wrongful act charged against the driver. In view of what we have said, we are of the opinion that the instructions complained of are not inconsistent or contradictory.

From a careful examination of the record and the briefs in this case, we are of the opinion that the appellant has pointed out no reversible error and that the judgment of the trial court should be affirmed.

Judgment affirmed.

NOTE.—Reported in 38 N. E. (2d) 287.