CASERIO *v.* HURST.

[No. 18,099.   Filed June 19, 1951.]

*Moore & Goad*, of Gary; and *James P. Gleason*, of Michigan City, for appellant.

*Alvin D. Blieden* and *Joseph A. Roper*, both of South Bend, for appellee.

ROYSE, J.—Appellee was injured when a tricycle he was riding collided with an automobile driven by appellant in the town of Long Beach, LaPorte County. He brought this action for damages against appellant. His complaint charged her with the following acts of negligence: Failure to watch the road ahead; failure to slow down; and failure to notify appellee of the approach of her said automobile by sounding the horn or giving signal or warning of the approach of said automobile, as required by the laws of this State. Trial to jury resulted in verdict in favor of appellee for $2,000. Judgment accordingly.

One of the errors assigned here is the overruling of appellant's motion for a new trial. In view of the conclusion we have reached, we need consider only the 5th specification of that motion, that is, that the trial court erred in refusing to give to the jury appellant's tendered instruction No. 1, which was as follows:

> "The Court instructs you to return the following verdict:
> " 'We, the jury, find for the defendant.' "

In this case it was incumbent upon appellee to show by a fair preponderance of the evidence that appellant was guilty of at least one of the acts of negligence charged, and that such negligence was the proximate cause of appellee's injuries.

We have carefully examined the evidence in the record before us and find no substantial evidence of

probative value that would sustain any of the charges of negligence and show that they were the proximate cause of appellee's injuries. Therefore, the judgment is reversed with instructions to sustain appellant's motion for a new trial.

Martin, C. J., and Bowen, J., dissent.

## DISSENTING OPINION

Bowen, J.—I cannot agree with the majority opinion in this case. The majority opinion sustains the contention of the appellant that there is no evidence in the case tending to prove that the appellant was guilty of any of the acts of negligence specified in the complaint, namely: Failure to watch the road ahead of the automobile; failure to slow down, and failure to notify the appellee of the sudden and unexpected approach of said automobile, either by sounding the horn or giving any signal or warning.

The record discloses that the defendant was proceeding northwardly in an automobile on Golden Gate Drive in the town of Long Beach, Laporte County, Indiana. James Hurst, the appellee, age five years, was riding a tricycle on a down-hill grade in a westerly direction on Juneway Drive, and at the intersection of Golden Gate Drive, the vehicle being driven by appellant defendant and the tricycle of said minor came together resulting in injuries to the minor.

There were no sidewalks on either side of Juneway Drive, and immediately prior to the accident, the injured minor was proceeding along the southerly edge of the concrete portion of Juneway Drive which was used by pedestrians. The defendant admitted she did not give any warning or signal of her approach on

Golden Gate Drive; that she was driving approximately ten miles per hour; and, that she saw the appellee coming down the hill on Juneway Drive on the tricycle, and that the tricycle ran into the bumper of her automobile. The appellant insists that there was nothing appellant could have done and failed to do to avoid injury to this child, nor did she do anything that a reasonably prudent person would have not done under similar circumstances. She testified that as she approached the intersection, she said to her father who was riding with her in the same car, "Oh, there is a youngster," and that she did not toot her horn, but she stopped immediately. However, the following testimony is contained within the transcript:

"Q. Did you attempt to stop the car first thing?

"A. Absolutely, as soon as I saw that youngster's head between those trees.

"Q. Could you have stopped sooner?

"A. Oh, yes, if I had stopped from where I did I could have stopped sooner.

"Q. I mean at that time could you have stopped sooner than you did?

"A. Yes, I stopped.

"Q. I say you stopped as soon as you did at that time?

"A. As soon as I did—"

While the above testimony is somewhat confusing and ambiguous, it seems clear that such testimony could serve for the basis of a reasonable inference for the jury to have determined that the defendant failed to slow down properly to have avoided the accident and that the appellant could have stopped sooner than she did, and if she had so stopped, the accident could have been avoided, and her failure to so stop sooner was the proximate cause of the accident.

Also, since appellant admits she did not sound her horn, and she further admits that she saw this minor child, who was non sui juris, in time to mention his approach to the other occupant of the automobile, and prior to the time she reached the intersection, and that she failed to sound her horn, and since such failure is alleged as one of the acts of negligence in the complaint, it seems clear that there was evidence in the record which presented a question for the jury to determine as to whether or not appellant was negligent in not sounding her horn under such circumstances.

Considering all of the facts and circumstances, it seems clear that reasonable minds might differ upon the question of appellant's negligence, and the question of defendant's negligence was a question for the jury's determination, which it resolved in favor of appellee. In my opinion, the trial court did not err in refusing to direct a verdict for appellant at the close of all of the evidence.

The trial court should not direct a verdict for the defendant where there is any competent evidence, or legitimate inferences that can be drawn from such evidence, to sustain a verdict for the plaintiff. *McIntosh* v. *Pennsylvania R. Co.* (1941), 111 Ind. App. 550, 38 N. E. 2d 263; *Buddenberg* v. *Morgan* (1942), 110 Ind. App. 609, 38 N. E. 2d 287.

The verdict of the jury in this case is sustained by sufficient evidence and is not contrary to law. *Mays* v. *Welsh* (1941), 218 Ind. 356, 32 N. E. 2d 701; *Pfisterer* v. *Key* (1941), 218 Ind. 521, 33 N. E. 2d 330; *Tabor* v. *Continental Baking Co.* (1942), 110 Ind. App. 633, 38 N. E. 2d 257.

For the reasons given herein, in my opinion, the judgment should be affirmed.

NOTE.—Reported in 99 N. E. 2d 440.