No. 12,719.

ROBY v. PIPHER ET AL.

EVIDENCE.—*Failure to Sustain Material Issue.*—*Reversal of Judgment.*—Where the evidence wholly fails to sustain the finding upon a material issue, the cause will be remanded for a new trial.

SAME.—*Payment.*—For evidence held not sufficient to establish a plea of payment, see opinion.

From the Harrison Circuit Court.

*G. W. Self*, *W. N. Tracewell* and *R. J. Tracewell*, for appellant.

*W. Cook*, for appellees.

HOWK, J.—In this case, the appellant, Roby, the plaintiff below, substantially alleged in his complaint that he had sold the appellees six hundred saw-logs at the agreed price of $1.50 per log, amounting in the aggregate to the sum of $900; that, of this sum, appellees had paid him $547.50, leaving a balance of $352.50 still due him from appellees and wholly unpaid. Wherefore, etc.

Appellees answered by a general denial of the complaint, and a plea of payment, to which appellant replied by a general denial. The issues joined were tried by the court, and a finding was made for appellees, the defendants below; and over appellant's motion for a new trial, the court adjudged that he take nothing by his suit, and that appellees recover of him their costs herein.

The only error assigned here by appellant is the overruling of his motion for a new trial. The causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and was contrary to law.

Appellant had the burden of the issue joined on his complaint, while the appellees had the burden of the issue joined on their plea of payment. It was shown by appellant on the trial, that appellees bought of him the logs mentioned in his complaint, under the terms of a written contract exe-

cuted by them.   We set out so much of this contract as applies to this case, as follows:

"Laconia, Ind., Nov. 15th, 1883.   Pipher & Hamilton this day bought of Mr. Curtis Roby * * * all the poplar, oak and hickory timber on what is known as the 'Home Place,' for $1.50 per log, bad hearts to be measured out; Mr. Roby to cut this timber down, to be paid for when cut down."

By an abundance of uncontradicted evidence, appellant further showed that, long before the commencement of this suit, he had cut down "all the poplar, oak and hickory timber on * * * the Home Place," and that such timber made about six hundred "logs," within the meaning of appellees' contract.   So that, if the issue joined by the answer in denial of the complaint had been the only issue in this case for trial, it is very clear, we think, that appellant would have been entitled to a finding and judgment for the full amount of his claim herein.

We come now to the consideration of the issue joined on appellees' plea of payment, as to which issue, as we have already said, the burden was on them to sustain it by the evidence.   There was a failure of evidence, we think, to sustain the plea of payment.   This evidence consisted of the testimony of the two appellees, and there was not entire harmony in their evidence.   Appellee Hamilton testified that, about three weeks before the trial, he offered to pay appellant for some of the logs, but he did not remember how many.   "Mr. Roby would not take the money," the witness testified; "he claimed that we owed him for more."   If the appellees did not owe Mr. Roby "for more," appellee Hamilton did not so testify.   Appellee Pipher testified: "We claim that we have paid Mr. Roby all that we owe him;" and again: "We paid him for all the timber that was suitable for sawing."   This evidence wholly fails to show that the appellees had, in compliance with their written contract,

paid appellant $1.50 "per log" for all the poplar, oak and hickory timber, cut down by him on the "Home Place."

We are of opinion, therefore, that the trial court clearly erred in overruling appellant's motion for a new trial. This is not a case of conflicting evidence. It is simply a case of the failure of evidence, on the part of appellees, to sustain their plea of payment. The case is not governed or controlled, therefore, by the long established rule, that this court will not disturb the verdict of a jury or the finding of a trial court upon the mere weight or preponderance of the evidence. Where, as in this case, the evidence wholly fails to sustain the verdict or finding, upon a material issue in the cause, it is as much the duty of this court to reverse the judgment below and remand the cause for a new trial, as it would be for any error of law occurring at the trial and excepted to. This is settled by our decisions. *Roe* v. *Cronkhite,* 55 Ind. 183; *Butterfield* v. *Trittipo,* 67 Ind. 338; *Kitch* v. *Schoenell,* 80 Ind. 74.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings.

Filed Jan. 6, 1887; petition for a rehearing overruled Feb. 1, 1887.