Keiser v. Beam.

No. 12,427.

KEISER v. BEAM.

117    31
140    359,
117    31
147    118

SUPREME COURT.—*Reversal of Judgment.*—*Failure of Proof.*—A judgment will be reversed where there is an entire failure of proof as to a fact essential to the support of the action.

JUDGMENT.—*Payment by Conveyance of Property.*—*Rights of Sureties.*—Where a judgment surety has become the owner of the judgment, and afterwards takes a conveyance, importing a money consideration, of real estate from his principal, an order of the court, made at the suit of a co-surety, declaring the judgment satisfied, will not be sustained unless it is shown that the property so conveyed by the principal was in payment of the judgment.

SAME.—*Conveyance of Property to Surety.*—*Satisfaction as to Co-Surety.*—Where a principal judgment debtor conveys to a surety, who has become the owner of the judgment by assignment, real estate upon which the judgment is a lien, in consideration of the payment by the surety of liens prior to the judgment, the judgment can not be declared satisfied as to a co-surety beyond the one-half of the value of the property in excess of the amount of the liens which the grantee agreed to pay.

From the Henry Circuit Court.

*J. Brown, W. A. Brown* and *E. P. Schlater,* for appellant.

*J. H. Mellett* and *E. Bundy,* for appellee.

BERKSHIRE, J.—The complaint in this case averred that on the 5th day of September, 1876, the Citizens' State Bank of New Castle, Indiana, recovered a judgment in the Henry Circuit Court in the sum of $808.80, and costs, taxed at $20, against John U. Keiser and the appellee upon a note executed by John U. Keiser as principal and the appellee and appellant as sureties; that at the time the judgment was rendered John U. Keiser was the owner of real estate in New Castle, Henry county, Indiana, of the value of $5,000, upon which the judgment became a lien; that after the judgment was rendered John U. Keiser conveyed the said real estate to the appellant, the consideration in part being the payment by him of the said judgment; that afterward the appellant

procured an assignment of the judgment from the bank to himself; that he thereafter conveyed the real estate, and the judgment had been paid and satisfied. There is no charge of bad faith in the complaint.

Then follows the prayer for relief, which is, that the judgment be declared paid and satisfied.

The answer of the appellant was a general denial.

The cause was tried by a jury, a verdict returned for the appellee, and a judgment rendered declaring the original judgment paid and satisfied.

There is but one error assigned, and that is, that the court erred in overruling the appellant's motion for a new trial. It is only necessary to refer to two of the reasons embodied in the motion for a new trial.

These are the first and fourth :

The first is, that there is not sufficient evidence to sustain the verdict.

The fourth is, that the court erred in giving instruction number two.

It is a rule of this court, of long standing, that a judgment will not be reversed and a new trial granted for want of sufficient evidence, where there is some evidence tending to establish each material fact in issue.

Upon the other hand, the rule is equally well established that a judgment will be reversed and a new trial granted whenever there is an entire failure of proof as to any fact essential to the support of the action.

The gist of this action is, that after the appellant became the owner of the judgment in question, John U. Keiser paid it by conveying to the appellant certain real estate in the town of New Castle, Henry county, Indiana.

We have carefully read the evidence as copied into the record, and have failed to find any evidence to prove payment, by the conveyance of real estate or otherwise. The plaintiff's evidence in chief is in substance as follows:

The record of a judgment in favor of the Citizens' State

Bank of New Castle, Indiana, against John U. Keiser, George Beam and Samuel Keiser for the amount of $808.80, and for costs amounting to $20.   An agreement made on the trial that at the date of the said judgment John U. Keiser was the owner of certain real estate in New Castle upon which the judgment at once became a lien.

The record of a deed from John U. Keiser and wife to Samuel Keiser for the real estate to which the agreement referred. The consideration named in this deed is $4,500, and it bears date July 22, 1878, and was recorded August 22, 1879.

The record of a deed from Samuel Keiser to Mary E. Keiser for a part of the real estate that had been conveyed to Samuel by John U. Keiser and wife.   The consideration named in this deed is one hundred dollars, and it bears date July 22, 1879, and was recorded Sept. 6, 1879.

The record of a deed from Samuel Keiser and wife to Robert M. Nixon.   The consideration named in this deed is four thousand dollars, and it bears date January 17, 1881, and was recorded February 2, 1881.

Robert M. Nixon testified that he paid $4,000 for the property, $3,600 to Samuel Keiser, $90 to Mellett & Bundy on Samuel Keiser's account, $32 costs, and the balance to John U. Keiser.

The plaintiff having rested his case, the defendant was examined and testified as to the consideration paid by him for the conveyance from John U. Keiser and wife, and testified that the payment of the judgment in question did not enter into the consideration paid; that the consideration named in the deed was the true consideration, and was made up in the assumption and payment of liens senior to the lien of the judgment in question.

John U. Keiser testified to substantially the same facts.

In rebuttal the plaintiff introduced two witnesses to contradict John U. Keiser, and they testified that he had stated to them that the judgment in question formed a part of the

consideration for the conveyance executed by himself and wife to Samuel Keiser.

This testimony, at most, was only competent for the purpose of discrediting John U. Keiser as a witness. As to the main fact, it was wholly immaterial.

There was no evidence as to the value of the property at the time it was conveyed to Samuel Keiser, other than the consideration named in the deed. And there was no evidence that the consideration named in the deed was not the true consideration, and that it did not consist in the assumption and payment of encumbrances senior to the judgment in question.

The instruction to which the fourth reason stated in the motion for a new trial relates is as follows:

" If Samuel Keiser paid to the bank the judgment in question, and took an assignment thereof to himself, and the judgment was a lien on the real estate of John U. Keiser, and John U. Keiser afterward conveyed his real estate to said Samuel Keiser in satisfaction of prior liens on the same to said judgment, and Samuel Keiser afterward conveyed to other parties the property received by him, and if the property received by him was, at the time the defendant received the deed therefor, of greater value than the liens thereon prior to the lien of said judgment, the excess would be a satisfaction of said judgment to the amount of such excess, and if such excess, if any, amounted at the time to one-half of the judgment, it would amount to a full satisfaction as to the plaintiff Beam."

If the law is correctly stated in this instruction, whenever a debt has been reduced to a judgment, which, by statute, becomes a lien upon real estate, a surety purchasing of the principal debtor any part of his real estate thus encumbered, where there is a co-surety, makes the purchase at his peril.

His purchase may be in the best of faith, and he may pay all that he believes the property to be worth, and all that he would

be willing to give for it under the most favorable circumstances, and more than it would bring at a forced sale to pay older encumbrances, and, notwithstanding, his co-surety may bring an action to have the judgment declared satisfied, and if witnesses can be found who will testify that the property was worth more than the older encumbrances, the co-surety may maintain an action to have the judgment satisfied as to him to an amount equal to the excess in value as thus proven.

We know of no rule of law or principle in equity that will support the instruction, and we have found no authority to sustain it.

The statute provides a remedy whereby even-handed justice can be done to all the parties.

Section 1214, R. S. 1881, reads as follows: "When any defendant surety in a judgment, or special bail or replevin bail, or surety in a delivery bond or replevin bond, or any person being surety in any undertaking whatever has been or shall be compelled to pay any judgment or any part thereof; or shall make any payment which is applied upon such judgment by reason of such suretyship; * * * * the judgment shall not be discharged by such payment, but shall remain in full force for the use of the bail, surety, * * * making such payment; and after plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use."

Section 1215 reads as follows : "Any one of several judgment defendants, and any one of several replevin bail, having paid and satisfied the plaintiff, shall have the remedy provided in the last section against the co-defendants or co-sureties, to collect of them the ratable proportion each is equitably bound to pay."

Had the appellant pursued this simple statutory remedy, and caused the real estate of which John U. Keiser was the owner, and upon which the judgment became a lien, to be sold upon execution, subject to the senior liens, he, together

with his co-surety, the appellee, could have had the benefit of the excess, if any.

Had that course been pursued, the appellant would not have been required to respond to meet the imaginary ideas of witnesses as to values, a species of evidence that is nearly always unreliable and unsatisfactory.

The instruction is objectionable, furthermore, because by it the jury are told that if the property conveyed to the appellant exceeded in value the amount of the senior encumbrances, and the excess amounted to one-half of the judgment in question, the judgment as to the appellee was in effect satisfied.

As between themselves, the appellant and appellee were each liable to pay the one-half of the judgment. If one of them paid in excess of his one-half, the other was bound to contribute the one-half of the excess back to him.

If, therefore, the property conveyed by John U. Keiser to the appellant was only worth an amount in excess of the senior encumbrances equal to the one-half of the judgment in question, the appellant's rights were equal to those of the appellee, and he had the right to have the one-half of the excess applied to the judgment for his benefit, and that would only leave remaining for the benefit of the appellee an amount equal to the one-half of the half for which he was liable. The instruction gave to the appellee the benefit of the entire amount to the exclusion of the appellant.

The judgment is reversed, with costs.

Filed Jan. 23, 1889.