## BISCHOF *v.* MIKELS ET AL.

[No. 18,177.   Filed February 19, 1897.]

APPEAL.—*Review of Evidence.*—Where that part of the evidence which tends to support the finding of the trial court, considered apart from the conflicting evidence, is sufficient to support the finding, the Supreme Court will not weigh the evidence to determine where the preponderance lies. *p. 117.*

EVIDENCE.—*Administrator as Witness.*—*Statute Construed.*—Under section 506, Burns' R. S. 1894, rendering the testimony of a party in interest incompetent in an action against a decedent's estate, an administrator is not incompetent to testify in favor of the estate in an action against him in his representative capacity. *p. 118.*

APPEAL AND ERROR.—*Objection to Evidence.*—Sustaining an objection to a question propounded to a witness is not available error where no statement is made as to the facts expected to be proven by the answer to such question. *p. 119.*

From the Tippecanoe Circuit Court. *Affirmed.*

*Benj. Crane* and *A. B. Anderson,* for appellant.

*J. M. LaRue* and *C. E. Lake,* for appellees.

McCABE, J.—Appellant sued Franklin Mikels, Joseph A. Storms and Armstrong Ross upon an in-

demnity bond. Subsequent to the commencement of the action Ross died, and the appellee, Franklin Mikels, having been appointed his administrator, was substituted as defendant in his place as such administrator, while he still remained a defendant in his individual capacity.

It appears from the complaint that on the day the bond was executed, December 4, 1893, the defendants, Mikels and Storms owned certain real estate in Chicago; that prior thereto, to-wit: on May 27, 1893, a former owner of the real estate mortgaged it to Swanell, of Kankakee, Illinois, to secure notes for the purchase money of said real estate; that on said December 4, 1893, said Mikels and Storms sold and conveyed by warranty deed said real estate to appellant; that in the contract of sale between these parties it was agreed by said Mikels and Storms that they would pay off said mortgage debt and release the real estate therefrom, on or before June 1, 1894; that on said 4th day of December, 1893, appellant paid and delivered to said Mikels and Storms the full consideration for the conveyance of said real estate as agreed upon; that in consideration of the full payment of the purchase price of said real estate said defendants, Mikels and Storms, as principals, and Armstrong Ross, as surety, executed the bond sued on, conditioned in the penalty of $5,000.00, that said Mikels and Storms would pay off said mortgage, and release said real estate from the lien thereof, on or before June 1, 1894. The breach assigned is, that they failed to pay off said mortgage, and appellant was compelled to do so, to his damage, etc. Mikels and Storms answered by a general denial, and Ross, in his lifetime, and his administrator after his death, answered, setting up substantially that Ross signed said bond at Mikels' and Storms' request, and upon their promise and agree-

ment that before delivering said bond to appellant that other sureties, to-wit: Hopper and Wells, should sign the same. That said bond was delivered in violation of said agreement, and that appellant had notice and knowledge thereof.

The issues, closed by the reply, were tried by the court, resulting in a general finding for the plaintiff against the defendants, Mikels and Storms, and a finding in favor of the administrator of Ross. The court having overruled appellant's motion for a new trial, rendered judgment upon the finding.

The correctness of the action of the circuit court in overruling the motion for a new trial is the only question presented here by the assignment of errors for review. And the principal question made in appellant's brief on that ruling is, whether the evidence is sufficient to support the finding of the court.

It is not denied, however, on behalf of appellant, that that part of the evidence which tends to support the finding of the court, considered alone and apart from the evidence on the other side, is sufficient to support the finding. Excluding from our consideration the evidence on the other side, we find the evidence which tends to support the finding is amply sufficient for that purpose. We are required to look alone to that part of the evidence which tends to support the verdict or finding on appeal, when the error complained of is the insufficiency of the evidence to support such verdict or finding. This is so because we have no power to correct errors of fact. Our only power is to correct errors of law. Section 667, Burns' R. S. 1894 (655, R. S. 1881); *Deal* v. *State,* 140 Ind. 354, 359.

Whenever that part of the evidence which tends to support the verdict or finding is legally insufficient, that is, where there is an absence of some indispen-

sable item or items of evidence essential to the plaintiff's recovery and the verdict or finding is in his favor, then such finding or verdict is an error of law. *Deal* v. *State, supra; Roby* v. *Pipher,* 109 Ind. 345; *Kitch* v. *Schoenell,* 80 Ind. 74; *Butterfield* v. *Trittipo,* 67 Ind. 338; *Robinson Machine Works* v. *Chandler,* 56 Ind. 575; *Cleveland, etc., R. W. Co.* v. *Wynant,* 134 Ind. 681; *Keiser* v. *Beam,* 117 Ind. 31; *Moellering* v. *Kayser,* 110 Ind. 533; *Vaughan* v. *Godman,* 103 Ind. 499.

Therefore, we cannot weigh the evidence and determine where the preponderance thereof may be.

The appellee, Mikels, who was a defendant in his individual capacity, was also, pending the suit, made a a party as administrator of Ross, who, being a co-defendant, died pending the suit, was offered as a witness on behalf of the defense. The plaintiff objected to his competency as a witness on the ground that he was an administrator, the court overruled the objection, but there was no exception to the ruling. This ruling is made one of the grounds of the motion for a new trial.

But there was no merit in the objection any way, because the statute only disqualifies witnesses who are parties to suits in which an executor or administrator is a party, as to matters occurring during the lifetime of the decedent, where judgment or allowance may be made or rendered for or against the estate represented by him, and the interest of such party is adverse to such estate, and then only, in the language of the statute, he "shall not be a competent witness as to such matters against such estate." The evidence objected to was not against the estate, but for it, and it did not appear that the interest of the administrator, either as a party, or as a witness, was against the estate. Section 506, Burns' R. S. 1894 (498, R. S. 1881). More-

over, the estate was not objecting to the evidence. *Walker, Admr.,* v. *Steele,* 121 Ind. 436, 439, 440; *Louisville, etc., R. W. Co.* v. *Thompson, Admr.,* 107 Ind. 442; *Scherer* v. *Ingerman, Admr.,* 110 Ind. 428, 442; *Taylor* v. *Duesterburg, Admr.,* 109 Ind. 165; *Starret* v. *Burkhalter, Exrs.,* 86 Ind. 439. The administrator is not disqualified as a witness, though a party to the issue.

Another one of the grounds of the motion for a new trial was the action of the trial court in sustaining appellee's objection to the following question, put to appellant as a witness: "Mr. Bischof, you may state to the court why it was you accepted this bond. What were the circumstances under which you accepted the bond?" There was no statement made by appellant's counsel to the court what facts they expected to prove by the witness in response to such question. Without such statement there was no available error in sustaining the objection. *Judy* v. *Citizen,* 101 Ind. 18; *Higham* v. *Vanosdol,* 101 Ind. 160; *Deal* v. *State, supra.*

Finding none of the reasons for a new trial urged in appellant's brief well taken, we are of opinion that the circuit court did not err in denying the same.

Judgment affirmed.