WHITE, ET AL. *v.* SLOSS.

[No. 30,589. Filed May 7, 1964.]

*Sanford Trippet,* and *Arthur S. Wilson,* both of Princeton, for appellant.

*Weyerbacher, Lacey & Rideout,* of Boonville, and *McDonald & McDonald,* of Princeton, for appellee.

ACHOR, J.—This case comes to us on petition to transfer from the Appellate Court under Rule 2-23 of this court. See *White* v. *Sloss* (1963), 192 N. E. 2d 482.

The facts in this case are as follows: Appellee filed a claim for personal services against the estate of John J. White, deceased, in the Gibson Circuit Court on March 22, 1958. On July 22, 1958, claimant filed a request for trial by jury and a motion for change of venue from the county. The action was thereupon ordered venued to the Warrick Circuit Court. The latter court received and docketed the cause on August 15, 1958. On September 18, 1958, the appellants filed a

motion to make the claim more specific. The motion was overruled on October 13, 1958, and the court, at the same time, entered its order that "the defendant is ruled to answer on November 3, 1958."

Subsequently, on November 1, 1958, the appellants filed a demurrer to the claim, on the ground that the claim failed to state facts sufficient to constitute a cause of action. On the same day the appellants filed their motion for change of judge. Appellee filed her objections to the motion, on the ground that the issues in the cause had been closed by operation of law, as provided in Rule 1-12B of this court, more than 10 days prior to the filing of said motion. The court did not rule upon the demurrer but denied said motion for change of judge. Thereafter the cause was submitted to trial by jury and resulted in a verdict for appellee. Appellants' motion for new trial, which was overruled by the court, specified, among other grounds, error in the denial of the motion for change of judge.

A decision upon this issue necessarily involves, and is made to rest upon the construction of Rule 1-12B, *supra,* and Acts of 1953, ch. 112, §1412, p. 295, being §7-812, Burns' 1953 Repl., as applied to the facts in this case. The pertinent part of Rule 1-12B is as follows:

> "In any action except criminal no change of judge . . . shall be granted within the time herein provided. Any such application for change of judge . . . shall be filed not later than ten (10) days after the issues are first closed on the merits, or *if the issues are closed without answer by operation of law,* . . . not later than ten (10) days after the party has knowledge the cause is ready to be set for trial. . . . " [Emphasis added.]
> The pertinent part of §7-812, *supra,* is as follows:

> "When any claim is transferred for trial, *it shall not be necessary for the personal represen-*

*tative to plead any matter by way of answer,* except a set-off or counter-claim, . . . may be tested by demurrer, . . . "_ [Emphasis added.]

Because of the intemperate, vituperous and scurrilous language which appears in appellants' brief,[1] without apparent justification thereof,[2] we would be warranted in striking the briefs from the files. *Pittsburgh, etc., R. Co.* v. *Muncie, etc., Traction Co.* (1906), 166 Ind. 466, 77 N. E. 941; *Shirk* v. *Hupp* (1906), 167 Ind. 509, 79 N. E. 490; *Vivian Collieries Co.* v. *Cahall* (1916), 184 Ind. 473, 110 N. E. 672.

However, because of the uncertainty which exists as to the construction of Rule 1-12B, *supra,* particularly as to the closing of issues by operation of law, the basis upon which the trial court denied the appellants' motion for change of judge, we have decided to consider this appeal solely upon that issue.

Appellant asserts that the trial court erred in overruling his motion for change of judge for the reason that although §7-812, *supra,* expressly provides that, after transfer of a claim to the issue and trial docket, "it shall not be necessary for the personal repre-

---

1. "(The Judge left the Court Room in an angry display of emotion)"

". . . [T]he revealing conduct of both counsel for claimant and the Trial Judge showed a *concerted and united course of prejudice and misconduct* that deeply affected the jury and the results of their verdict. . . ."

". . . It would be very difficult for any *Judge with such a bent and warped mind* to see that the inflammatory and inexcusable remarks of counsel for claimants had caused the appellants and their cause any damage. . . ." [Emphasis added.]

2. Matters and events occurring during the trial in the presence of the court and claimed to be indiscretions and misconduct of the judge may be brought to the attention of this court only by objection made to the trial court at the time and then made a part of the record by a special bill of exceptions. *Todd* v. *State* (1948), 226 Ind. 496, 502, 81 N.E. 2d 530.

sentative to plead any matter by way of answer," the issues in such cases cannot be considered "closed without answer by operation of law," under Rule 1-12B, until the right, expressly given by §7-812, to the personal representative to challenge the sufficiency of the claim by demurrer has been, in some way, concluded.

The above statement necessarily implies that, under the circumstances here present, the issues are not closed "by operation of law," until some record has been made in the case with regard to the right of the personal representative to challenge the sufficiency of the claim by demurrer. In the light of the prior decisions of this court, we feel we must take a contrary position upon this issue. *State ex rel. Harper* v. *Wheatley* (1963), 244 Ind. 245, 191 N. E. 2d 708; *State, ex rel. Kielpikowski* v. *Murray, Judge* (1959), 240 Ind. 222, 163 N. E. 2d 597; *State, ex rel. Boger* v. *Daviess Circuit Court* (1959), 240 Ind. 198, 163 N. E. 2d 250; *State ex rel. Blood et al.* v. *Gibson Circuit Ct.* (1958), 239 Ind. 394, 157 N. E. 2d 475; *State, ex rel. Janelle* v. *Lake Sup. Ct., et al.* (1957), 237 Ind. 3, 143 N. E. 2d 288.

We judicially know that one of the primary purposes for the enactment of the Probate Code [§§6-101— 8-218, Burns' 1953 Repl. (1963 Supp., amendments)] was to expedite the procedure in the administration of estates. The fact that the legislature specifically intended to expedite the procedure relative to the disposition of claims against estates is apparent from the fact that the pertinent section act provides:

" . . . [I]t shall not be necessary for the personal representative to plead any matter by way of answer. . . ." §7-812, *supra.*

And, although the statute also provides that other pleadings may be filed and the claim "may be tested

by demurrer," it would seem necessarily to follow that the legislature intended that such pleadings, if file, be filed expeditiously. See *State ex rel. Crawford* v. *Howard Circuit Court* (1962), 242 Ind. 593, 181 N. E. 2d 18.

Rule 1-12B, *supra,* was amended to contain the above referred to provisions on May 15, 1958, and became effective September 1, 1958. In this case the claim was filed on March 22, 1958, and was entered upon the issue and trial docket on or before July 22, 1958. Thus appellants had five months after the filing, and 40 days after the cause was transferred to the issue and trial docket before the effective date of Rule 1-12B on September 1, 1958, to examine the claim and determine whether or not it was sufficiently specific and whether it stated facts sufficient to state a cause of action upon which to go to trial. Yet appellants took no action with respect to the claim until 18 days thereafter, making a total period of 58 days during which no pleadings were addressed to the claim which had been transferred to the issue and trial docket.

Under the above circumstances, the trial court could have concluded with propriety, on or before September 8, 1958, that said personal representative did not intend to file any pleadings to such claims, and that the same *could be set for trial* solely upon the issues raised by the claim as filed. Under such circumstances it may be said that the issues were then closed "by operation of law." Rule 1-12B, *supra.*

The issues having been first closed by operation of law more than ten days prior to the filing of the motion for change of venue, which motion was filed on September 18, 1958, the motion was properly overruled.

The fact that the trial court at a later date permitted the personal representative to file a motion to make the claim more specific and a demurrer thereto, did not negate the fact that the issues had previously been closed by operation of law. *State ex rel. Blood et al.* v. *Gibson Circuit Ct., supra* [239 Ind. 394].

Judgment affirmed.[3]

Landis, C. J., Arterburn and Myers, JJ., concur.

Jackson, J., dissents (without opinion).

NOTE.—Reported in 198 N. E. 2d 219.

---

3. Rule 1-12B 4, adopted April 3, 1964, and effective July 1, 1964, provides:

"Provided further, in those cases of claims in probate and receivership proceedings and remonstrances and similar matters, the parties thereto shall have thirty (30) days from the date the same is placed and entered on the issue and trial docket of the court."