CARSON *v.* ASSOCIATED TRUCK LINES, INC.

[No. 1267A116. Filed October 22, 1968. Rehearing denied November 13, 1968. Transfer denied February 12, 1969]

*Wright and Sandler* and *Peters and Peebles*, of Fort Wayne, for appellant.

*Hunt, Suedhoff and Wilks*, of Fort Wayne, for appellees.

BIERLY, J.—This case comes to us from the Allen Superior Court No. 3, Allen County, Indiana. The action was brought by the plaintiff-appellant against the defendant-appellee for damages for personal injuries and property damage resulting from a collision of the plaintiff's automobile with the rear-end of the defendant's semi-trailer truck.

Trial was to a jury, and at the close of all the evidence, the court instructed the jury that the plaintiff was guilty of contributory negligence as a matter of law, and directed the jury to return a verdict for the defendant. The plaintiff thereafter filed his motion for a new trial which was overruled. This appeal followed.

The appellant alleges three major points of error:

1) That the trial court erred in a number of rulings on evidence, including the excluding of the testimony of the expert witness called by the plaintiff.

2) The trial judge should have disqualified himself, on account of his bias and prejudice.

3) That the trial court erred in sustaining the defendant's motion for a directed verdict.

Proposition one involves the appellant's expert witness, Mr. Farhi, whose testimony was excluded by the trial judge. Mr. Farhi is an "accident reconstruction expert" and was called to dispute the testimony of the appellee's drivers who had stated that the appellee's truck was moving at 15 to 20 miles per hour at the time Mr. Carson drove his automobile into its rear-end. Mr. Carson and an investigating police officer had expressed the opinion that the truck was not moving and the appellant sought to substantiate this through Mr. Farhi's "debris study". Mr. Farhi had not viewed the scene at the time of the accident, nor had he ever seen the vehicles involved or the debris. His study was based on photos taken three and one-half years prior to the trial. The appellant claims that the exclusion of this testimony was preju-

dicial in that it prevented him from proving conclusively that the truck was not moving.

The appellee argues that this testimony was properly excluded since it is unnecessary to use an expert to show that the debris from an accident falls from vehicles at the point of impact. Also, it is submitted that the testimony of Mr. Carson and the officer had already served to put the question of whether or not the truck was moving, before the court, thus making Mr. Farhi's testimony cumulative and an invastion of the province of the trier of fact, citing *Presser v. Shull* (1962), 133 Ind. App. 553, 181 N. E. 2d 247. In *Presser* the court said:

> "The very fact that the court permitted him to testify gave weight to his evidence, resulting in a trial by an investigator and not by witnesses, for his opinion was substituted for the opinion of the jury on a question of fact that clearly was within the province of the jury and within their capabilities of determination. If such were permitted, trials of accident cases would be not by juries who listen to eye-witnesses but by juries who take the opinion of investigators and speculators."

As a second proposition, the appellant, in rather strong terms, alleges that the trial judge was biased and prejudiced and should have disqualified himself in this case. Although the appellant concedes that our laws provide for a change of venue, change of judge, or a request that a judge disqualify himself, no such motions were apparently made in this action. Nor were there any objections made at trial to the conduct of the court. Appellant explains that he "perhaps gave too much weight to the reputation of the trial judge for his fairness in not showing favoritism and not enough weight to his reputation for obstinacy", as a reason for failing to object to any conduct of the trial court during the course of the trial.

The appellee notes that a search of the record shows no question was ever raised by the appellant concerning any

alleged bias or prejudice of the trial court. If the appellant fails to point out alleged misconduct of the trial court *during the course of trial* and give such court an opportunity to correct itself at that time, then the appellant waives this issue on appeal. *State ex rel. Anderson-Madison etc. v. Superior Ct.* (1964), 245 Ind. 371, 199 N. E. 2d 88; *White v. Sloss* (1964), 245 Ind. 289, 198 N. E. 2d 219.

Finally, appellant urges us that the trial court erred in sustaining the defendant's motion for a directed verdict holding the plaintiff guilty of contributory negligence as a matter of law. It is the trial court's ruling on this motion which seems to give rise to the complaint of bias in appellant's second proposition. Appellant contends that whether Mr. Carson was contributorily negligent in this case raised a sufficient question for the jury to decide, and that the trial court erred in not allowing it to do so. A brief examination of the evidence upon which the trial court based its decision shows that the plaintiff himself admitted he had arisen at 5:00 or 5:30 in the morning, and he, thereafter, drove to Fort Wayne from his home in Whitley County to the International Harvester at Fort Wayne, and remained there until 3:30 in the afternoon. After leaving work, he bought a hamburger and a cup of coffee, he drank a martini, and later he drank at least two more martinis at a club in Fort Wayne. After that, he had three or four or perhaps ten beers, he stated that he felt the effects of the beer and had trouble remembering cards that he had been playing. During the card game he put his head down on the table and apparently slept until 3:00 in the morning. He awoke at 3:00 in the morning and started home for Churubusco. On the way home as Mr. Carson was driving on U. S. 33 he stated he did not know the legal speed limit, but was driving at said speed limit, whatever that was at the time. Mr. Carson testified he might have seen the lights of the trailer a mile away but he stated "it wouldn't register". He then saw

lights ahead of him which took the shape of the back end of a truck; he let his foot off the gas and probably touched the brake a couple of times but didn't apply the brakes and edged to the center of the road; he then tried to edge out to see if he could pass the truck but saw a car coming and straightened out and drove into the back of the truck. He stated *he had seen the lights of the truck at least 500 feet away.* Finally, when he was six or eight car lengths back of the truck he decided to apply the brakes to stop. At this point he stated that he believed that there was a double yellow line on the highway. Mr. Carson admitted he could be wrong about the details of the accident and that he may have seen the lights at a much greater distance *but the first time he recognized them as such he was approximately 500 feet away.* From 500 feet away, all the way to the point of the accident, Mr. Carson saw the rear end of the truck ahead of him. However, in attempting to stop he did not skid his tires, and no skid marks were found at the scene.

Appellant states that, in spite of his testimony, it was shown that the truck markings could have blended with the safety markings and relfectors on the underpass itself to a degree sufficient to confuse the appellant, thus, reasonable minds could differ on the issue of Mr. Carson's negligence.

Of the three major points of error alleged by appellant, the third, "that the trial court erred in sustaining the defendant's motion for a directed verdict", causes us uncommon and grave concern in the holding that the plaintiff is guilty of contributory negligence as a matter of law.

In *Buddenberg v. Morgan* (1941), 110 Ind. App. 609, 38 N. E. 2d 287, the court, at p. 628, states:

"It is a well-established rule of law that it is only where the evidence upon any question is undisputed and only one legitimate inference can be drawn therefrom that the court has a right to direct a verdict. If there is any legal evidence whatever, having legal weight, or any legitimate

inferences from such evidence tending to support plaintiff's right to recover, the question is one for the jury."

It was held in *Garr v. Blissmer et al.* (1961), 132 Ind. App. 635, 177 N. E. 2d 913, that:

"In considering error in sustaining a motion for a directed verdict, we accept as true all facts unfavorable to the moving party which the evidence tends to prove and all inferences reasonably deducible therefrom."

Numerous cases could be cited on the question when or when not a directed verdict is appropriate. To cite such cases would belabor this opinion and would serve no useful purpose. When a court submits a case to a jury, the judge is frequently referred to as "the 13th juror".

Appellant is relying upon the specification in the motion for a new trial that the decision of the court and the jury's verdict by the direction of the court, is contrary to law. This is a proper specification setting forth permissible grounds for a new trial motion. We must take into account Rule 1-14(b), Rules of the Supreme Court, which is thusly stated:

"NEW TRIAL—MEMORANDUM. Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law', *the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law.* The party filing such motion shall be deemed to have waived any ground not specified in the memorandum. Adopted January 13, 1967. Effective March 1, 1967." (Emphasis supplied.)

This rule has recently been so interpreted in *Anderson v. Irwin* (1968), 142 Ind. App. 302, 234 N. E. 2d 276, 13 Ind. Dec. 266; *Spitler v. Schell* (1965), 246 Ind. 409, 205 N. E. 2d 155; *Pickett v. Kolb* (1967), 142 Ind. App. 78, 231 N. E. 2d 856. See also: *Buford v. Doe* (1968), 143 Ind App. 259, 239 N. E. 2d 594, 15 Ind. Dec. 240.

Failure by appellant to file a memorandum with his motion for a new trial, thereby pointing out the insufficiency of the evidence, or wherein the decision of the court is contrary to law, nullifies an alleged error on these grounds, and hence such alleged error must be declared waived. The transcript filed in this cause indicates that no such memorandum was filed in the motion by appellant for a new trial.

We are of the opinion that the trial court committed no reversible error in excluding the testimony of the plaintiff's witness, Mr. Farhi, who stated conclusions he had drawn from observing the location of the debris in photographs of the accident. These conclusions would have been highly speculative, and would have tended to invade the province of the jury. We think the testimony of Mr. Farhi was irrelevant to the particular issue before the court, since the question as to whether the defendant's vehicle was stopped on the highway is relevant only to the question of the negligence of the defendant-appellee, and not to the contributory negligence of the plaintiff-appellant.

In charging for the first time on appeal, the trial judge with bias and prejudice during the course of the trial, the appellant apparently tends to weaken the merits of his appeal. We find nothing in the record to indicate any charge by the appellant of any bias or prejudice of the trial judge. The explanation of appellant's on appeal, that he "perhaps gave too much weight to the reputation of the trial judge for his fairness in not showing favoritism and not enough weight to his reputation for obstinacy" appears to have been due to an emotional stress in losing the case at the trial level, and would not have been stated in requesting a reversal had the rule been followed that no issue may be raised for the first time at the filing of a motion for a new trial, which specification contained no memorandum nor any authorities to support the position of the appellant.

We think the evidence is clear, conclusive, and without conflict of the question of appellant's own contributory negligence, as heretofore set forth and evaluated. The Supreme Court affirmed a directed verdict for the defendant in the case of *Hunsberger v. Wyman* (1966), 247 Ind. 369, 216 N. E. 2d 345. Relative to that decision, the court said, at p. 348:

> "In any negligence action, both parties are obligated to exercise ordinary and reasonable care to avoid injury. This includes the duty to observe and appreciate danger and threatened danger. A person is required to make reasonable use of his faculties and senses to discover dangers and conditions of danger to which he is or might become exposed. . . . This includes the duty to see and appreciate what can be seen and appreciated to avoid danger."

Again, in *Stallings v. Dick* (1965), 139 Ind. App. 118, 210 N. E. 2d 82, this court reversed the judgment of the trial court, based on a verdict by a jury, as contrary to law, and in so ruling held that contributory negligence is ordinarily a question of fact for a jury where the facts of the case are such as to be subject to more than one reasonable inference, but where facts do not lend themselves to dispute and only a single inference can reasonably be drawn therefrom, the question becomes one of law.

In the case at bar, appellant after the close of his working day partook of alcoholic beverages to excess, engaged in card games until his vision was blurred, fell asleep and did not awaken until 3 o'clock in the morning, and then realized he must drive to Churubusco and arise at 5 A.M. preparatory to returning to his Fort Wayne employment. It appears quite obvious, and the court so determined, that appellant was indifferent to his surroundings at the time of the collision and the reasonable consequences of his acts, and that he was clearly guilty of contributory negligence as a matter of law.

After careful review of this cause, we are of the opinion that appellant was guilty of contributory negligence and failed to establish reversible error. Therefore, the judgment of the trial court should be affirmed.

Judgment affirmed.

Cook, P.J., not participating.

Pfaff and Smith, JJ., concur.

NOTE.—Reported in 241 N. E. 2d 78.