COMMERCIAL CREDIT CORP. *v.* JACK AND RUTH ANN MILLER.

[No. 1071A191. Filed April 11, 1972.]

*Steven H. Ancel,* of Indianapolis, for appellant.

*Miller & Miller,* of Indianapolis, for appellees.

STATON, J.—This is an appeal from a judgment upon the counterclaim of Appellees, Jack Miller and Ruth Ann Miller. Commercial Credit Corporation filed a complaint in replevin for the immediate possession of the Millers' 1968 Chrysler automobile. The Millers filed an answer and counterclaim alleging payment and delivery of their automobile title with the Commercial Credit Corporation's lien released. A court trial resulted in a finding against Commercial Credit Corporation and a judgment for the Millers awarding them $1,000.00 in damages. Commercial Credit Corporation is appealing from this judgment.

We have affirmed the trial court's judgment in part and reversed the trial court's judgment in part which is explained in the opinion that follows:

Commercial Credit Corporation has contended in its brief that four (4) errors were committed by the trial court. The second and fourth error urged by the Commercial Credit Corporation will be grouped and treated together in this opinion since both errors deal with sufficiency of the evidence. These errors will be discussed as Errors A, B and C as follows:

*Error A:* Commercial Credit Corporation's first error is: "The Appellant Commercial Credit Corporation was denied a fair trial due to the bias and prejudice of the trial judge."

*Error B:* Commercial Credit's Errors Two and Four are as follows: "The Plaintiff Commercial Credit Corporation was entitled to possession of the automobile." and, "the defendant has the burden of proving the affirmative defense of payment."

*Error C:* The third error urged by Commercial Credit Corporation is: "The Defendant did not offer sufficient evidence upon which the court could enter a judgment for damages in the amount of $1,000."

*Error A:* Commercial Credit Corporation contends that it was denied a fair trial due to the bias and prejudice of the trial judge which is based solely on the following statement:

"So you see there is this presumption and here again I know these finance companies have losses but they get well paid, I put through a 100 to 200 default judgments a month, I'm sure you are aware of this, and they are well paid. It seems to me these finance companies have a duty to establish this record which is mentioned later on in some of the case law, if they are the ones in error. This can go for the record, in my Court, I am not going to have this man up here having to persuade and prove that he paid, that's what I meant before.

". . . Here is a man on one end—who is the guy, who is the guy that gets hurt, the establishment, the bank or some poor guy here who is going to lose his car."

No objection was made by Commercial Credit Corporation to these comments of the trial judge after summation and at the end of the court trial. The first time that such remarks were brought to the court's attention, after they were uttered on March 23, 1971, was on June 25th when Commercial Credit Corporation filed its "Motion to Correct Errors." In *Carson* v. *Assoc. Truck Lines, Inc.* (1968), 143 Ind. App. 431, 435, 241 N. E. 2d 78, this court held that:

"If the appellant fails to point out alleged misconduct of the trial court during the course of the trial and give such court an opportunity to correct itself at that time, then the appellant waives this issue on appeal."

Citing *State ex rel. Anderson-Madison* v. *Superior Court* (1964), 245 Ind. 371, 199 N. E. 2d 88; *White* v. *Sloss* (1964), 245 Ind. 289, 198 N. E. 2d 219. *Carson, supra,* was a jury trial, where the comments of the trial judge may have had a much greater potential harm to one of the parties than when a statement is made during a court trial, as in the present case. The ramblings of the judge here merely indicate that he may not fully appreciate that the defendant, having asserted

an affirmative defense of payment, has the burden of proof under TR. 8(C). We find no error.

*Error B:* Commercial Credit Corporation contends that the testimony of Jack Miller, relating to full payment, raises only a presumption of full payment and that the burden of proof can only be met where such statements are corroborated. In support of this contention, Commercial Credit Corporation cites *Roby* v. *Pipher* (1886), 109 Ind. 345, 9 N. E. 604.

We do not agree with the contention nor do we agree that *Roby* v. *Pipher, supra,* is authority and support for such a contention. In *Roby, supra,* 109 Ind. at 346, the appellees were to pay one dollar and fifty cents ($1.50) per log for "* * * all the poplar, oak and hickory timber on what is known as the 'Home Place,' . . . Mr. Roby to cut this timber down, to be paid for when cut down." Mr. Roby had produced six hundred saw-logs. These logs were worth approximately $900.00 according to the terms of the contract. Mr. Roby had been paid $547.50 by the appellees, leaving a balance due of $352.50. The Supreme Court pointed out that there was a conflict between the two witnesses testifying as to full payment: "Appellee Hamilton testified that, about three weeks before the trial, he offered to pay appellant for some of the logs, but he did not remember how many. 'Mr. Roby would not take the money,' the witness testified; 'he claimed that we owed him for more.' If the appellees did not owe Mr. Roby 'for more,' appellee Hamilton did not so testify." *Roby, supra,* 109 Ind. at 346, 9 N. E. at 604, pointed out further conflict in the testimony by quoting the testimony of Pipher, which is as follows: "Appellee Pipher testified: 'We claim that we have paid Mr. Roby all that we owe him;' and again: 'We paid him for all the timber that was subitable for sawing.' This evidence wholly fails to show that the appellees had, *in compliance with their written contract* paid appellant $1.50 'per log' for all the poplar, oak and hickory timber, cut down by him on the 'Home Place.'" *Roby, supra,* 109 Ind. at 346-347, 9 N. E. at 605.

In Bischof v. Mikels (1897), 147 Ind. 115, 117, 46 N. E. 348, 349, our Supreme Court citing Roby, supra, explains what it meant when it said in Roby, supra: "* * * the failure of evidence, on the part of appellees, to sustain their plea of payment." In Bischof v. Mikels, supra, the Supreme Court explained: "Whenever that part of the evidence which tends to support the verdict or finding is legally insufficient, that is, where there is an absence of some indispensable item or items of evidence essential to the plaintiff's recovery and the verdict or finding is in his favor, then such finding or verdict is an error of law."

Mr. Miller's testimony may be summarized as follows: He testified that he had paid off the account in full, during the month of July, 1970. He further stated that he personally went into the branch office of Commercial Credit Corporation and paid a clerk $1,440.00 in cash. He received a receipt, which he kept until the title arrived in the mail. The receipt was thrown away bcause he felt that he would not need it any more. He further testified that during a telephone conversation and in a subsequent personal meeting with Mr. Banta, Manager at the Commercial Credit Corporation branch office, he told him that he paid the account off and that he "* * * didn't owe them anything." There were not only statements made by Mr. Miller that he had paid the account in full but there was corroborating evidence of a mailing by the Commercial Credit Corporation of the certificate of title with the lien released. Evidence tending to detract from these statements offered by Commercial Credit Corporation went to credibility and weight.

Commercial Credit Corporation further relies upon Rule TR. 8(C) in support of their contention that the burden of proof was not met by the Millers in asserting their affirmative defense of payment. The jugde of the trial court, who is the trier of fact, determined that the Millers had met their burden of proof on the affirmative de-

fense of payment. An examination of the record as to the evidence offered supports that determination by the trial court. This is not to say that from the evidence offered that the trial court could have determined to the contrary. We cannot weigh the evidence on appeal. If there is sufficient evidence to support the determination of the trial court, its determination will not be disturbed on appeal. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89.

Commercial Credit Corporation's insistence on the application of TR. 8(C) makes it appropriate to note procedural errors which were committed in Commercial Credit's favor. Its complaint in replevin was filed on December 15, 1970 which is almost a year after the "new" Rules of Procedure became effective. In our introductory remarks, we referred to an answer and counterclaim which was filed by the Millers on December 29, 1970. Commercial Credit Corporation did not file an answer to the counterclaim of the Millers. The period for filing a responsive pleading to the counterclaim had expired at the time of trial on March 23, 1971. (See Rule TR. 6(C) and Rule TR. 5 of the Indiana Rules of Procedure for time requirements.) Under Indiana Rules of Procedure, a reply to a counterclaim[1] is now mandatory. Rule TR. 7(A)(2); *Curry* v. *Pyramid Life Ins. Co.* (8th Cir. 1959), 271 F. 2d 1; *Edelman* v. *Locker* (D.C. Pa. 1946), 6 F.R.D. 272; 5 Wright and Miller, *Federal Practice & Procedure:* Civil, § 1184; 1 Ind. Prac.—Rules of Civ. Proc., Harvey, p. 464.

The record shows that Commercial Credit Corporation failed to comply with Rule TR. 7(A)(2). This failure invokes Rule TR. 8(D) of the Indiana Rules of Procedure which reads as follows:

---

1. We note that Defendant-Appellees have captioned their counterclaim a "Cross-complaint." However, under the current Rules of Procedure, the court is to treat the motions and pleadings for what they actually are, irregardless of how they are captioned. *DeVito* v. *Hoffman*, (D.C. Cir. 1952), 199 F.2d 468.

"(D) Effect of failure to deny. Averments in a pleading to which a responsive pleading is required, except those pertaining to amount of damages, *are admitted when not denied in the responsive pleading.* * * *" (Our Emphasis.)

The combined effect of TR. 7(A)(2) and TR. 8(D) required the trial court to accept as admitted, by Commercial Credit Corporation, the following allegations in the Millers' counterclaim:

1) That defendant-appellee is the owner of the 1968 Chrysler-Newport.
2) Defendant-appellee is entitled to immediate possession of the 1968 Chrysler-Newport.
3) That the property was unlawfully detained by the plaintiff-appellant.
4) That defendant-appellee has a valid certificate of title to the 1968 Chrysler-Newport.
5) That the plaintiff-appellant released the lien on the 1968 Chrysler-Newport on August 25, 1970.

Any justiciable issue in Commercial Credit Corporation's complaint was eliminated by virtue of its failure to answer the counterclaim. It was in default. (See Rule TR. 55 of the Indiana Rules of Procedure.) The only justiciable issue for the court to determine was that of damages which will be discussed in Error C which follows.

*Error C:* Commercial Credit Corporation contends that the award of $1,000.00 in damages to the Millers was error, since there was insufficient evidence of damages in this amount. We agree.

The Millers were entitled to recover only for loss of use. No evidence on loss of use was offered which would enable the court to make an intelligent assessment of damages. The testimony offered on loss of use is as follows:

"Q. Now are you without the use of a car?
"A. Right.
"Q. You are asking damages is that correct?
"A. That's right.

"Q. Did you have to rent a car?

"A. I didn't rent none no.

"Q. You want the Court to understand that you paid the Commercial Credit the balance of that loan is that correct?

"A. Right.

"Q. And then you received the certificate of title?

"A. Right.

"Q. You have the certificate of title now?

"A. Right.

"Q. Your witness."

In *New York Central R. R. Co.* v. *Churchill* (1966), 140 Ind. App. 426, 433, 218 N. E. 2d 372, this court stated in an opinion written by Judge Hunter:

"The position that loss of use is a proper element of damages even though the property is permanently destroyed finds support in the Restatement of Torts, § 927 where it is stated:

'Where a person is entitled to a judgement for the conversion of a chattel or the destruction of any legally protected interest in land or other thing, the damages include

(a) the exchange value of the subject matter or the plaintiff's interest therein at the time and place of the conversion or destruction, or a different value where that is necessary to give just compensation, and

(b) the amount of any further loss suffered as the result of the deprivation, and

(c) interest from the time at which the value is fixed or compensation for the loss of use.' "

No evidence of damages has been presented to the trial court. No damages in any amount should have been awarded.

Therefore, the judgment of the trial court is affirmed as to its findings for the Appellees, Jack Miller and Ruth Miller, on all issues except damages. That part of the trial court's judgment awarding damages to the Appellees is hereby re-

versed with instruction to enter judgment for damages in an amount consistent with the evidence presented in the record.

Hoffman, C.J., Sharp, J., concur.

NOTE.—Reported in 280 N. E. 2d 856.